Samuel ROBINSON *v.* STATE of Arkansas

CR 82-138                                    648 S.W.2d 444

Supreme Court of Arkansas
Opinion delivered March 7, 1983

*Lessenberry & Carpenter*, by: *Thomas M. Carpenter*, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

Darrell Hickman, Justice. At his trial Samuel Robinson conceded that he was guilty of participating in an armed robbery of the High Street Liquor Store in September of 1981, but he sought a lenient sentence. He was found guilty of aggravated robbery and first degree battery and sentenced to twenty-five years imprisonment for the former and twelve for the latter, to be served consecutively.

His first argument for reversal is that he was denied the right to ask Robinson's partner in the robbery, on direct examination, what sentence he had received for the robbery. It was ten years on a negotiated plea. We cannot say the trial court's discretionary ruling preventing this information from being considered by the jury was wrong. What sentence another defendant has received is not relevant evidence as to guilt, innocence, or punishment. *See Roleson* v. *State*, 277 Ark. 148, 640 S.W.2d 113 (1982). A sentence or lack of one may be offered to show bias or prejudice of the witness because evidence of bias is always admissible. *Simpson* v. *State*, 274 Ark. 188, 623 S.W.2d 200 (1981); *Klimas* v. *State*, 259 Ark. 301, 534 S.W.2d 202 (1976). But that was not the end sought in this case.

The other argument hinges on whether a proper objection was made to the trial court. On appeal it is argued Robinson could not be sentenced for both aggravated robbery and first degree battery because one offense includes the other. *Swaite* v. *State*, 272 Ark. 128, 612 S.W.2d 307 (1981) and *Akins* v. *State*, 278 Ark. 180, 644 S.W.2d 273 (1983) are cited as authority.

We have held it is possible to be convicted of both aggravated robbery and battery and be sentenced for each

separately. *Foster* v. *State*, 275 Ark. 427, 613 S.W.2d 7 (1982). In *Akins* v. *State, supra,* the jury was instructed that one offense was included in the other and a proper objection was made to the court's improper sentence for both crimes.

The entire thrust of the defendant's argument below was that the court should impose concurrent sentences. Four times this was mentioned:

DEFENSE ATTORNEY:

Your Honor, we would make a notation that we would move now that the punishment be *concurrent* on the battery and the robbery charges.

THE COURT:

It's premature unless you're going to tell them to go out and fill out both of them. They may find him not guilty on one.

DEFENSE ATTORNEY:

Okay.

THE COURT:

But, for the purposes of the record, I'll let you note that you want them both to run concurrently. And I guess it's on the basis of the single transaction theory.

DEFENSE ATTORNEY:

Yes, your Honor.

. . .

Your Honor, I've got two things for the Court. *One is to move that the sentences be concurrent* and would be interested in the Court's feelings on that. And, secondly, the matter we discussed earlier about

two or three days to get the family situation taken care of.

. . .

*Your Honor, we would move concurrent.* We would cite 41-105 and all of its subsections as a basis. We would also note the co-defendant's doing ten years, and that there's concurrent sentencing in that and ten years is the minimum. It is his first offense. He is looking at — as I understand the law, he's looking at probably ten to twelve years anyway because it's an aggravated robbery after the new statute has passed and it's half his time, which is a substantial sentence anyway.

. . .

No, your Honor. *We renew our motion for concurrence based upon statute. We know the concurrent or consecutive sentence is a matter usually left to the discretion of the trial court.* We point to the trial court the fact that the co-defendant in this case got ten years. The co-defendant admits that he is the one that fired the shots. [Emphasis added.]

Defense counsel only argued to the trial judge that Robinson should be sentenced concurrently. He made no argument that one offense was included in the other. It was never argued, as it was in *Akins* v. *State, supra,* that the court could not sentence Robinson for both offenses.

Ark. Stat. Ann. § 41-105 (Repl. 1977) cites five different situations where conviction for more than one offense is barred. An allusion to all subsections of that statute and the court's reference to *Swaite* v. *State,* 272 Ark. 128, 612 S.W.2d 307 (1981), cannot be the basis for finding a clear objection made in view of counsel's repeated request that the sentences be made concurrent.[1] A fair reading of the record reflects that

---

[1]We note that the trial judge said that *Swaite* v. *State* was decided on the single transaction theory [Ark. Stat. Ann. § 41-105 (1) (e)] and he was wrong. In *Swaite* we held that the appellants could not be convicted of

counsel sought leniency in the sentence, not to prevent any conviction or sentence at all for one of the offenses charged. A timely and appropriate objection must be made to preserve an objection on appeal. *Swaite* v. *State,* 274 Ark. 154, 623 S.W.2d 176 (1981); *Wicks* v. *State,* 270 Ark. 781, 606 S.W.2d 366 (1980). We have never adopted the doctrine of plain error and in order to rule for the appellant we would have to apply that principle in this case. *Wicks* v. *State, supra.*

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I cannot agree with the majority in this case. I feel that counsel for appellant made a specific enough objection in citing Ark. Stat. Ann. § 41-105 (Repl. 1977) and all its subsections to the trial court for the argument that the offenses charged contained the lesser included elements embodied in the provisions of this statute. In *Akins* v. *State,* 278 Ark. 180, 644 S.W.2d 273 (1983) we interpreted Ark. Stat. Ann. § 41-105 to "prohibit multiple sentences when the same conduct results in more than one offense." Ark. Stat. Ann. § 41-105 reads in pertinent part:

> (1) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
>
> (a) one offense is included in the other, as defined in subsection (2) . . .
>
> . . .
>
> (2) A defendant may be convicted of one offense

---

both attempted capital murder and aggravated robbery because in order to find attempted capital murder, the jury was compelled to find that the appellants committed aggravated robbery. Therefore, in that situation, aggravated robbery was a *lesser included offense* of attempted capital murder and the appellants could not be convicted and sentenced for both under Ark. Stat. Ann. § 41-105 (1) (a).

included in another offense with which he is charged. An offense is so included if:

(a) it is established by proof of the same of less than all the elements required to establish the commission of the offense charged; or

(b) . . .

In the present case the jury was instructed that it would have to find appellant guilty of aggravated robbery in order to find him guilty of first degree battery. The plain language of the statute and our cases interpreting it show that we should set aside the lesser penalty. *See Wilson* v. *State*, 277 Ark. 219, 640 S.W.2d 440 (1982). In light of the foregoing, I would set aside the 12 year sentence for first degree battery leaving the appellant to serve a 25 year sentence for armed robbery.