Raymond WATSON *v.* STATE of Arkansas

CR 86-107                                         752 S.W.2d 240

Supreme Court of Arkansas
Opinion delivered May 31, 1988

*King & Ponder*, by: *Kevin N. King*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y

Gen., for appellee.

PER CURIAM. The petitioner Raymond Watson was convicted of three counts of receiving stolen property and one count of possession of a controlled substance. He was sentenced to three years imprisonment on each count of receiving stolen property and to ten years for the possession charge for a total of nineteen years imprisonment. His convictions were affirmed on appeal in *Watson* v. *State*, 291 Ark. 358, 724 S.W.2d 478 (1987). The petitioner now seeks permission to proceed in circuit court pursuant to Criminal Procedure Rule 37.

The petitioner alleges that to convict him of three counts of theft by receiving where the counts constituted one course of continuing conduct violates Ark. Code Ann. § 5-1-110(a)(5) (1987) [Ark. Stat. Ann. § 41-105(e) (Repl. 1977)]. He also claims that his attorney was ineffective for failing to raise the issue at trial.

The petitioner traded some marijuana for two three-wheeled vehicles and some welding equipment which J.R. Robinson, Jr., and Bobby Foster brought to his farm. Robinson and Foster were arrested and they informed the police that they had taken the stolen property to the petitioner and he had given them marijuana in exchange for it. Ultimately a search warrant for the petitioner's farm was executed and the officers found marijuana, the vehicles, and the welding equipment.

The petitioner argues that since he received the stolen property in one transaction, he cannot be convicted of three separate counts of receiving stolen property. He cites Ark. Code Ann. § 5-1-110(a)(5) which provides:

> (a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
>
> * * *
>
> (5) The conduct constitutes an offense defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate

offenses.

The statute which defines theft by receiving provides:

> (a) A person commits the offense of theft by receiving if he receives, retains, or disposes of stolen property of another person, knowing that it was stolen or having good reason to believe it was stolen.

Ark. Code Ann. § 5-36-106 (1987) [Ark. Stat. Ann. § 41-2206 (Repl. 1977)].

■ The basis of the crime, therefore, is receiving the stolen property. The petitioner did that during one transaction. *See Gilmore* v. *State*, 110 S.W.2d 355 (Mo. App. 1986). In *Rowe* v. *State*, 271 Ark. 20, 607 S.W.2d 657 (1980), we said that a continuing offense must be a continuous act or series of acts set on foot by a single impulse and operated by an unintermittent force. In this case the petitioner received the stolen property only once, not on several occasions. Under these circumstances we hold that only one conviction for theft by receiving should lie. *See Yarbrough* v. *State*, 257 Ark. 732, 520 S.W.2d 227 (1975).

■ Although this issue was not raised at trial, it involves a question of double jeopardy which if meritorious is sufficient to void the judgment. We therefore set aside two of the convictions and sentences for theft by receiving. The convictions and sentences for one count of theft by receiving and one count of possession of a controlled substance are not disturbed.

Petition dismissed; sentence modified.