Melinda **PETTA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–91–382–CR.

Court of Appeals of Texas, Corpus Christi.

Oct. 15, 1992.

Discretionary Review Refused Feb. 10, 1993.

Rick Holstein, Corpus Christi, for appellant.

Carlos Valdez, County Atty., Richard M. Berry, Asst. County Atty., Nueces County Courthouse, Corpus Christi, for the State.

Before NYE, C.J., and GILBERTO HINOJOSA and SEERDEN, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

This is an appeal from a conviction for fleeing or attempting to elude a police officer. TEX.REV.CIV.STAT.ANN. art. 6701d, § 186 (Vernon 1989). Appellant was assessed a punishment of thirty-days in jail and a $500.00 fine. The jail term was probated as was $400.00 of the fine. Appellant complains by one point of error that her motion to quash the indictment should

have been granted because two statutes are in *pari materia*. We affirm.

The evidence in this case shows that appellant was stopped for speeding on the Chapman Ranch Road by Adrian Rivera, a uniformed Officer from the Department of Public Safety. Rivera was operating a marked DPS vehicle.

Accounts of the encounter diverge at this point. Rivera testified that appellant told him that he did not know who he was dealing with, that she knew the judge, that she would have Rivera's job for pulling her over, and that Rivera was a "little pr___." She then rolled up her window and locked the doors. Rivera testified that he went back to his unit, called in for a wrecker, and informed the dispatcher that he was dealing with a "hysterical woman." At that point, he retrieved his baton and went back to appellant's suburban. He began "tapping" on the window in an effort to get her out of the car. She then drove off.

In contrast, appellant testified that Rivera pulled her over. When he came to give her the ticket, he incorrectly stated that she was going sixty-nine when, she believed, she was only going sixty-one.[1] She testified that Rivera became visibly upset, and told her that she would have to talk to the judge. She replied that she knew the judge, and would be happy to talk to him. At that point, appellant testified, Rivera became extremely upset, ordered her out of the car, and called her a "bitch." She refused, and Rivera began beating on appellant's suburban with his baton. Rivera then pulled his gun and threatened appellant. At that point, she testified, she drove off, fearing for her safety and that of her children. After a long chase, which involved several police vehicles, she was arrested when she reached her house.

An information was filed by the Nueces County Attorney alleging the offense of fleeing or attempting to elude a police officer. TEX.REV.CIV.STAT.ANN. art. 6701d, § 186 (Vernon 1989). Appellant filed a motion to quash. The motion alleged that two statutes proscribed the conduct involved in this case, and that appellant should have

---

1. The speed limit is fifty-five.

been charged under TEX.PENAL CODE ANN. § 38.04 (Vernon 1990). The trial court denied the motion. She appeals, asserting in one point of error that the trial court erred in failing to grant the motion to quash.

■ Appellant argues in her point that these two statutes are *in pari materia.* Based on this premise, she further argues that she should have been charged under the more specific statute, which, she asserts, is § 38.04 of the Penal Code. We disagree that the statutes are *in pari materia.*

■ Statutes which have the same purpose or relate to the same subject are *in pari materia. See Alejos v. State,* 555 S.W.2d 444, 448 (Tex.Crim.App.1977). The Code Construction Act,[2] which partially codifies the common law rules of construction for statutes *in pari materia,* directs us to construe the two statutory provisions together if possible. TEX.GOV.CODE ANN. § 311.026(a) (Vernon 1985). If the two statutory provisions conflict, the more specific provision controls, unless the general provision is enacted later and the legislative intent is that the general provision control. *Id.* § 311.026(b).

The first step in our analysis is to determine if the two statutes are *in pari materia. Cheney v. State,* 755 S.W.2d 123, 127 (Tex.Crim.App.1988). To do so a court must review both statutes to determine whether they cover the same general subject matter or persons, proscribe the same conduct, or have a similar purpose or object. *Id.*

The Court of Criminal Appeals determined in *Alejos,* a 1977 decision, that Penal Code § 38.04 and Civil Statute art. 6701d § 186 were not *in pari materia* at that time. Article 6701d has been amended since 1977; however, we find that the differences are unimportant for the purposes of this decision.

The two statutes in question provide:

**Fleeing or attempting to elude a police officer.**

(a) Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle, when given visual or audible signal to bring the vehicle to a stop, shall be guilty of a misdemeanor. The signal given by the police officer may be by hand, voice, emergency light or siren. The officer giving such signal shall be in uniform, prominently displaying his badge of office, and his vehicle shall be appropriately marked showing it to be an official police vehicle.

TEX.REV.CIV.STAT.ANN. art. 6701d § 186 (Vernon 1989).

**Evading Arrest**

(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to arrest him.

(b) It is an exception to the application of this section that the attempted arrest is unlawful.

*(c) It is presumed that the actor recklessly engaged in conduct placing another in imminent danger of serious bodily injury under Subsection (d) of this section if the actor operated a motor vehicle while intoxicated during the commission of the offense. In this subsection, "intoxicated" has the meaning of assigned that term Article 6701l–1, Revised Statutes.*

(d) An offense under this section is a Class B misdemeanor *unless the actor, during the commission of the offense, recklessly engaged in conduct that placed another in imminent danger of serious bodily injury, in which event the offense is a Class A misdemeanor.*

TEX.PENAL CODE ANN. § 38.04 (Vernon 1987). The underlined language was added in 1987 after *Alejos* was decided.

TEX.GOV.CODE ANN. § 311.002 (Vernon 1985) (applying the Act to all Legislative enactments after the 60th Legislature).

---

2. Both statutes must be construed according to the Code Construction Act. *See* TEX.PENAL CODE ANN. § 1.05 (Vernon 1985) (expressly applying this Act to construction of the Penal Code);

Although both statutes regulated some of the same conduct, in *Alejos* the Court found these two statutes were not *in pari materia*. The Court wrote that these two statutes had different objects and were intended to cover different situations. The differences the Court noted between the two statutes were: 1) § 38.04 applies if arrest is evaded without use of force regardless of whether the arrestee is driving; and 2) § 186 is restricted to cases involving drivers who fail to stop when signaled, and need not involve an arrest.

The 1987 amendment to § 38.04 merely increased punishment for cases involving a subset of the activity already covered by the statute. After the amendment, cases involving an intoxicated arrestee who flees in a motor vehicle are punished as a Class A misdemeanor. Thus, the amendments did not effect the two distinctions noted in *Alejos*.

We hold that § 38.04 and § 186 are not *in pari materia*. Accordingly, the State was entitled to file an information under either statute. *Alejos*, 555 S.W.2d at 451. The trial court did not err in overruling the motion to quash. Appellant's sole point of error is overruled.

The trial court's judgment is AFFIRMED.