Calvin and Richard LEAVY *v.* STATE of Arkansas
CR 93-218                                   862 S.W.2d 832
Supreme Court of Arkansas
Opinion delivered September 27, 1993
[Rehearing denied November 1, 1993.*]

---

*Holt, C.J., not participating.

*McArthur & Finkelstein*, by: *Hugh Finkelstein*, for appellant Calvin Leavy.

*Rice & Adams*, by: *Gene D. Adams, Jr.*, for appellant Richard Leavy.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. This case primarily concerns a conviction under our continuing criminal enterprise statute, (CCE), Ark. Code Ann. § 5-64-414 (1987), a part of the Uniform Controlled Substances Act, Ark. Code Ann. §§ 5-64-101 through 5-64-1005 (1987). Five points are raised on appeal.

As a result of undercover work by the police, Calvin and Richard Leavy, appellants, were charged with violations of the Controlled Substances Act. Richard Leavy was found guilty of five drug offenses and sentenced to nineteen years. Calvin Leavy was found guilty of four charges: CCE, public servant bribery, delivery of cocaine, and use of a communication facility in furtherance of a drug felony. On those charges Calvin received respective sentences of life, six years, twenty-five years and ten years.

The first argument is the only point in common: both appellants contend the trial court erred in allowing the jury to use transcriptions of tape recordings while the tapes were being played as evidence during the trial.

A detective from the Little Rock Police Department, Mark Ross, pretending to be receptive to bribery, had several conversations with Calvin about bribes Calvin would pay Ross for warning him about impending police surveillance and raids. Ross was wired during these conversations and the state introduced the tapes and their transcriptions at trial.

Detective Ross testified the recordings were transcribed promptly after the tapes were made and were an accurate reproduction of the tapes. He stated that sometimes background noise made transcription difficult and when words were inaudible the secretaries would type "inaudible." The court overruled appellants' objection and allowed the jury to use the transcriptions to follow the taped conversations, reminding the jury that the transcriptions were not evidence but merely an aid, and if there were any discrepancies between the tape and the transcription, the tape would govern.

■■ The use of transcriptions in this context has been raised before and the rule is settled. If the transcript of a tape is essentially accurate, it is admissible if it would otherwise be necessary to play the tape several times for the jurors. *Harvey* v. *State*, 292 Ark. 267, 729 S.W.2d 406 (1987). Detective Ross so testified. The decision is discretionary with the trial court, *Id,* and we find no abuse of discretion. Appellants have pointed neither to inaccuracies nor prejudice, and we do not reverse absent a showing of prejudice.

The remaining points relate only to Calvin Leavy. He argues the trial court erred in upholding § 5-64-414 (1987) against his contention that the statute was void for vagueness. Appellant was convicted under Arkansas's CCE statute, § 5-64-414, which provides:

Continuing criminal enterprise.

(a) A person commits the offense of engaging in a continuing criminal enterprise if he:

(1) Violates any provision of subchapters 1 through 6 of this chapter which is a felony, except § 5-64-401(c); and

(2) The violation is a part of a continuing series of two (2) or more felony offenses of subchapters 1 through 6 of this chapter, except § 5-64-401(c):

(A) which are undertaken by that person in concert with five (5) or more other persons with respect to whom that person occupies a position of organizer, a supervisory position, or any other position of management; and

(B) From which that person obtained substantial income or resources.

Calvin Leavy submits that three elements of the statute are unconstitutionally vague:

1) "Continuing series of two or more felony offenses."

2) "A position of organizer, a supervisory position, or any other position of management."

3) "Substantial income or resources."

236

■ This statute adopts essentially the same language of the federal "kingpin" statute, 21 USC § 848 (Supp. 1992), as to the provisions under consideration here. This argument has not been decided by the United States Supreme Court, but there is agreement among those circuits that have considered the issue, upholding the statute against attacks for vagueness. *See United States v. Valenzuela*, 596 F.2d 1361 (9th Cir. 1979) (and cases cited therein); *United States v. Kirk*, 534 F.2d 1262 (8th Cir. 1976) (and cases cited therein). Both *Valenzuela, supra*, and *Kirk, supra*, state that due process requirements of definiteness are violated by a criminal statute that fails to provide adequate notice to a person of ordinary intelligence that his or her contemplated conduct is unlawful. To the same effect see *State v. Torres*, 309 Ark. 422, 831 S.W.2d 903 (1992).

■ Calvin maintains that "continuing series of two or more felony offenses" does not tell us if the offense requires any "breaks in the activities" and does not provide a time frame within which the offenses must have occurred. We believe the language "two or more felony offenses" is sufficiently clear in itself and whether interruptions occur in criminal conduct pertinent to the act is essentially irrelevant. As to a "time frame," this point has not been addressed elsewhere but the wording suggests the correlation between the offenses must be such that they can reasonably be considered part of the same enterprise. The two felonies in the case against Calvin Leavy occurred within seven months of each other and thus clearly fall within a reasonable time frame. Nor does appellant argue otherwise. *See Burrow v. State*, 282 Ark. 479, 669 S.W.2d 441 (1984); *United States v. Kirk, supra*.

■ As to the argument that "organizer" and "substantial income" are impermissibly vague, these terms were specifically considered in *Valenzuela, supra*. The court concluded:

> Similarly, the words encompassed within the phrase "organizer, a supervisory position, or any other position of management" enjoy a wide currency in the business community and are commonly understood by members of the general public. In enacting § 848, Congress was clearly concerned with large-scale profit-making enterprises engaged in the illegal importation, manufacture and

distribution of controlled substances. The language under consideration was clearly chosen to distinguish minor enterprise "employees" from those who conceive and coordinate enterprise activities.

Finally, we see no fatal vagueness problem in the requirement that a criminal enterprise defendant must have received "substantial income or resources" from his or her activity. The criminal enterprise statute would have been valid even if Congress had omitted such a financial limitation. We see no reason to strike down the statute because Congress has chosen to provide some measure of protection to petty criminal enterprise defendants in this regard.

*See* also, *Hughey* v. *State*, 310 Ark. 721, 840 S.W.2d 721 (1992) (discussing the consensus of other jurisdictions interpreting "organizer"). We agree with the reasoning in *Valenzuela, supra,* and hold the challenged provisions of our statute are not unconstitutionally vague. *United States* v. *Kirk, supra.*

Next, Calvin argues the trial court erred in finding the evidence sufficient to sustain the verdict for the CCE offense. Proper motions for a directed verdict challenging the sufficiency of the evidence were made by appellant at the end of the state's case and again at the end of the trial. Those motions were denied on both occasions. On appeal, appellant argues there is insufficient evidence for two elements of the crime: 1) proof of leadership and 2) proof of substantial income.

■■ We summarized the management proviso of the CCE statute in *Hughey* v. *State, supra*:

The government need not establish that the defendant managed five people at once, that the five acted in concert with each other, that the defendant exercised the same kind of control over each of the five, or even that the defendant had personal contact with each of the five. *In essence the management element is established by demonstrating that the defendant exerted some type of influence over another individual as exemplified by that individual's compliance with the defendant's directions or instruction.* (Emphasis in original.)

On appeal, appellant does not challenge proof of the number of individuals under appellant's control, only that there was no proof appellant functioned as a manager. We disagree. While there were discrepancies in the testimony, there was nevertheless the following: 1) Testimony by Detective Ross that appellant had made reference to the business as being "his" business; 2) Willie Peoples testified that he and other dealers turned over the money from drug sales to appellant; and 3) Peoples also testified that appellant was the one in their group responsible for keeping track of the drugs being marketed. This evidence is sufficient to show appellant exerted some type of influence over other individuals.

As to whether appellant obtained "substantial income," we need only note that Peoples testified that on an average week he took in between $36,000 and $54,000. This was for only one of appellant's several dealers, and only an average week. This constitutes "substantial income." *See Hughey* v. *State, supra.*

As his next point appellant argues the trial court erred in admitting into evidence a comment he had made to Detective Ross. During the state's case, Ross testified as follows:

> It was at this time that Detective Cox and I were approaching a card table that had dominoes on it. Calvin Leavy was one of four people sitting at the card table. He was bouncing a small infant, I would guess eight months, six months old, on his knee.

> At this time, Calvin Leavy made the statement to me that when this child grows up, that he was going to have the small child out there selling drugs for him. That he couldn't wait for the baby to grow up because he was going to have him out there selling drugs for him.

An element of continuing criminal enterprise is whether the defendant is a leader, organizer or manager of the drug enterprise. Thus, at issue was whether Calvin held a managerial role. His avowed intent to put his child to work for him would be relevant as to whether Calvin viewed himself as an organizer and entrepreneur in the drug business. Obviously there is some prejudicial effect from appellant's statement, but the balancing of probative value against prejudice is left to the sound discretion of the trial judge and will not be reversed absent a manifest abuse

)f that discretion. *Haynes* v. *State*, 309 Ark. 583, 832 S.W.2d 479 (1992). There was no abuse under the circumstances.

Finally, Calvin argues the trial court erred in failing to set aside two of the charges on grounds that sentencing violated the principles of double jeopardy.

In order to prove the CCE offense under § 5-64-414, one of the necessary elements is that the defendant committed "two or more felony offenses" which are part of the Controlled Substances Act. Calvin Leavy was charged with delivery of cocaine, § 5-64-401(e), and use of a communication facility in causing or facilitating the commission of any drug felony under the act, § 5-64-417. Calvin was convicted on the CCE offense for which the state had used these two offenses for the "two or more felony offenses" element of the crime. He was also convicted separately on the cocaine and communication facility charges. Appellant argues that conviction of both the CCE and the other two drug offenses violates the double jeopardy clause. We decline to address the argument because there was no objection before the trial court on the ground now argued. When the sentencing hearing was held, the trial court first read the four convictions and sentences as found by the jury. The court then asked if appellant would like to say anything before a decision was made, and the defense replied:

> We would argue that there is no law on this subject so we can't cite you anything to help in the decision. But in order to convict on the continuing criminal enterprise, you have to find the defendant guilty of the other acts that he's been found guilty of.
>
> That being true, it seems that it would be improper to run the sentences any way but concurrent because the other offenses are so inherently a part of the continuing criminal enterprise.

The court ordered that of the four convictions, all were to run concurrently except the sentence of twenty-five years, which was to run consecutively. There was no more discussion and the hearing was adjourned.

The state argues, correctly we think, that a proper objection was not made. Counsel only requested concurrent

sentences. There was no motion to set aside the convictions nor any argument affecting double jeopardy. A similar situation arose in *Robinson v. State*, 278 Ark. 516, 648 S.W.2d 444 (1983), where appellant only argued for concurrent sentences at trial but argued double jeopardy and lesser included offenses on appeal. We wrote:

> A fair reading of the record reflects that counsel sought leniency in the sentence, not to prevent any conviction or sentence at all for one of the offenses charged. A timely and appropriate objection must be made to preserve an objection on appeal.

The same is true in this case and no proper objection was made below.

Affirmed.

HOLT, C.J., not participating.