Jimmie Don MONTAGUE *v.* STATE of Arkansas

CA CR 99-356                                    5 S.W.3d 101

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered December 1, 1999

*Smith, Maurras, Cohen, Redd & Horan, PLC,* by: *Matthew Horan,* for appellant.

*Mark Pryor,* Att'y Gen., by: *C. Joseph Cordi, Jr.,* Asst. Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. A jury found the appellant guilty of negligent homicide and driving while intoxicated (DWI). He appeals, contending that DWI is a lesser-included offense of negligent homicide and that the trial court erred in sentencing him separately on that count. We agree.

On July 17, 1997, at approximately 5:35 a.m., appellant was driving home when his vehicle crossed the center line of the road and entered the path of a vehicle driven by Nick Elliot causing a

collision that resulted in Elliot's death. Appellant admitted drinking beer prior to the accident, and a blood test, taken approximately one hour after the accident, established that his blood–alcohol content was .12%. Appellant was charged with manslaughter and DWI. The trial court instructed the jury on negligent homicide, which is a lesser-included offense of manslaughter, and DWI as follows:

> If you have reasonable doubt of the Defendant's guilt on a charge of manslaughter you will then consider the charge of [n]egligent [h]omicide. To sustain this charge the [S]tate must prove beyond a reasonable doubt that:
>
> Jimmie Don Montague negligently caused the death of Nick Elliott as a result of operating a vehicle while intoxicated or while having a blood alcohol level of 0.10% or more by weight.
>
> . . .
>
> Jimmy Don Montague is charged with the offense of [d]riving while [i]ntoxicated. To sustain the charge the [S]tate must prove beyond reasonable doubt that Jimmy Don Montague.... operated or was in actual physical control of a motor vehicle while there was one tenth of one percent (.10%) or more by weight of alcohol in his blood as determined by a chemical test of his blood or breath.

The jury, after returning guilty verdicts for negligent homicide and DWI, recommended that appellant receive a suspended sentence of six years' imprisonment and a fine of $5000 for negligent homicide and a year in the county jail and a $1000 fine for DWI. The judge imposed the recommended sentences for both convictions.

For reversal, appellant contends that DWI is a lesser-included offense of negligent homicide and that sentencing him on both convictions is illegal. Citing *Tallant v. State*, 42 Ark. App. 150, 856 S.W.2d 24 (1993), and Ark. Code Ann. § 5-1-110 (1987), appellant argues that his sentence for DWI must be vacated.

In *Tallant*, this court set aside a conviction for DWI, holding that DWI is an essential component of negligent homicide. Arkansas Code Annotated section 5-1-110 (Repl. 1997) provides in part as follows:

(a) When the same conduct of a defendant may establish the commission of more than one (1) offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one (1) offense if:

(1) One offense is included in the other, as defined in subsection (b) of this section....

(b) .... An offense is so included if:

(1) It is established by proof of the same or less than all the elements required to establish the commission of the offense charged....

Based on the rationale that when a criminal offense cannot be committed without the commission of an underlying offense, a conviction cannot be had for both, appellant's conviction and sentence for DWI must be set aside.

■■■ Appellee contends that appellant's argument is a double-jeopardy argument that appellant failed to raise below, and constitutional arguments cannot be raised for the first time on appeal. It is undisputed that appellant did not raise the argument before the trial court. We, however, may review allegations of void or illegal sentences raised for the first time on appeal because void or illegal sentences may be corrected at any time. *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992). A sentence is considered void when the trial court lacks the authority to impose it. *Id.* An appellant cannot be convicted of both the greater offense of negligent homicide and its lesser-included offense of DWI, and therefore, appellant's sentence for DWI is void.

■■ Where the error below has nothing to do with the issue of guilt or innocence, the appellate court may correct the sentence instead of remanding. *Bangs, supra.* We, therefore, set aside appellant's conviction and sentence for DWI, and we affirm his conviction and sentence for negligent homicide.

Reversed in part; affirmed in part.

ROBBINS, C.J., CRABTREE, GRIFFEN, MEADS, JJ., and HAYS, S.J., agree.