STATE of Arkansas *v.* Jimmie Don MONTAGUE

CR 99-1461                                    14 S.W.3d 867

Supreme Court of Arkansas
Opinion delivered April 20, 2000

*Don Langston*, Judge; affirmed;

*Mark Pryor*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Ass't Att'y Gen., for appellant.

*Smith, Maurras, Cohen, Redd, & Horan, PLC*, by: *Matthew Horan*, for appellee.

RAY THORNTON, Justice. ■ The State brings this appeal as a petition for review of the decision of the Arkansas Court of Appeals in *Montague v. State*, 68 Ark. App. 145, 5 S.W.3d 101 (1999), in which the conviction and sentence of appellee Jimmie Don Montague for driving while intoxicated was set aside on

the grounds that his conviction for both negligent homicide and DWI violated the double-jeopardy provisions of the Arkansas and United States Constitutions. The court of appeals reached this issue notwithstanding Montague's failure to raise this argument to the trial court below, and the State sought review of this decision on the grounds that it conflicts with our prior decisions that double-jeopardy claims are not preserved for appeal if they are not raised below. We granted appellant's petition to review. When we review a decision of the Court of Appeals we review the case as though it had been originally filed in this court. *Maloy v. Stuttgart Memorial Hosp.*, 316 Ark. 447, 8723 S.W.2d 401 (1994), *Patterson v. State*, 267 Ark. 436, 591 S.W.2d 356 (1979). We agree with the State's contention and affirm the conviction and sentence below.

On the night of July 17, 1997, Montague went to a bar in Fort Smith, where he consumed a number of beers. He was returning home at 5:35 a.m. when he fell asleep at the wheel and crossed the center line, striking Nick Elliott's car head-on. Elliott was killed. Police investigators took the defendant to the hospital, where an hour after the accident his blood-alcohol level was .12%. manslaughter and DWI, and a jury convicted him of the lesser-A breath test taken an hour following that test showed a blood-alcohol content of .10%. The State charged the defendant with included offense of negligent homicide, as well as the DWI. The jury set the sentence for DWI at twelve months in jail and assessed a $1000 fine and court costs. The jury set the sentence for negligent homicide at six years but recommended that the sentence be suspended, and also assessed a $5000 fine and court costs for that offense. The trial judge sentenced him accordingly and ordered that the sentences run consecutively. It is uncontested that the defendant did not challenge his sentence on the grounds of double jeopardy below.

The defendant appealed his sentence to the court of appeals on the grounds that in *Tallant v. State*, 42 Ark. App. 150, 856 S.W.2d 24 (1993), the court had held that a driver could not be convicted of both negligent homicide and DWI because the commission of one offense could not be established without the proving of the other. The State responded that the error was not preserved for appellate review because Montague had not raised the issue to the trial court. As pointed out by the State, we note that the defendant's counsel had specifically sought to dissuade the jury from recommending a term of incarceration in the Department of Correction for negli-

gent homicide by arguing for a term in the county jail for driving while intoxicated.[1]

■ Notwithstanding the defendant's failure to argue a violation of the double-jeopardy provision, the court of appeals reached the merits of this case, basing its opinion upon our decision in *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992), where we held that allegations of void or illegal sentences would be treated similarly to problems of subject-matter jurisdiction: by reviewing such allegations whether or not an objection was made in the trial court. *Id.* Treating the sentence as void or illegal on double-jeopardy grounds fails to consider a series of our cases in which we have declined to address on direct appeal an appellant's arguments that a conviction violated double jeopardy where no objection was made to the trial court to set aside the conviction nor any argument made raising the issue of double jeopardy. *Foster v. State*, 275 Ark. 427, 631 S.W.2d 7 (1982); *Leavy v. State*, 314 Ark. 231, 862 S.W.2d 832 (1993); *Marshall v. State*, 316 Ark. 753, 875 S.W.2d 814 (1994). Had the issue been raised to the trial court, the court could have considered the question whether the defendant's conduct supported charges for two different offenses, and whether conviction of both crimes might be appropriate without violating the prohibition against double jeopardy. When the jury returned verdicts convicting Montague of both a lesser-included offense of the manslaughter charge, namely negligent homicide, and DWI, the defense counsel did not challenge the sentences, but argued for imposition of jailing on the DWI sentence.

■■ The burden of obtaining a ruling is upon the movant, and unresolved questions and objections are waived and may not be relied upon on appeal. *Aaron v. State*, 319 Ark. 320, 891 S.W.2d 364 (1995). The circumstances of this case are similar to those in *Leavy, supra*, and *Robinson, supra*, where defense counsel sought leniency in the sentence, not to prevent any conviction or sentence at all for one of the offenses charged. Here, there was no motion to set aside the convictions nor any argument relating to double jeopardy. A

---

[1] Defense counsel's argument to the jury at sentencing was:

Here's another alternative. He can be sentenced to the county jail for up to a year. And let me tell you they don't give you good time over there. You go for a year you serve for a year. So if you want to give my client time to serve let me suggest I think it would be a much safer environment in the county jail.

timely and appropriate objection must be made to preserve an objection on appeal. We have not adopted the doctrine of plain error and we are not persuaded to do so in this case. *Robinson v. State*, 278 Ark. 516, 648 S.W.2d 444 (1983)(*citing Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980)). The State argues that Montague is confusing the requirements of a direct appeal with those of a proceeding under Rule 37 of the Arkansas Rules of Criminal Procedure. *See e.g. Collins v. State*, 324 Ark. 322, 920 S.W.2d 846 (1996);*Williams v. State*, 298 Ark. 317, 766 S.W.2d 931 (1989);*Watson v. State*, 295 Ark. 616, 752 S.W.2d 240 (1988). Under Rule 37 proceedings, we have made an exception for some issues not raised below and preserved on appeal where the error is so fundamental as to render the judgment of conviction void and subject to collateral attack. *Collins, supra. But cf. Rowbottom v. State*, 341 Ark. 33, S.W.3d (April 13, 2000)(intention of the legislature to create two separate offenses arising from the same conduct can overcome an appellant's assertion of violation of double-jeopardy provision in Rule 37 proceeding). We make no determination in this case whether a Rule 37 proceeding might be appropriate, but conclude that when the argument of double jeopardy was not raised below, we cannot consider that argument on direct appeal. Accordingly, we affirm the defendant's conviction and sentence.

Affirmed.