Johnnie CATRON *v.* STATE of Arkansas

CA CR 01-582                                           61 S.W.3d 861

Court of Appeals of Arkansas
Division IV
Opinion delivered November 28, 2001

*Keith, Miller, Butler & Webb, PLLC*, by: *Billy Bob Webb*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. Appellant, Johnnie Catron, appeals the trial court's denial of his motion to dismiss the State's information charging him with manslaughter. He contends that because he was previously found guilty of driving while intoxicated and driving left of center, and because these offenses are lesser-included offenses of the crime of manslaughter, that trying him for manslaughter would "twice put him in jeopardy of life and limb," violating the prohibition against double jeopardy found in the Fifth Amendment to the United States Constitution and in our double-jeopardy statute, Ark. Code Ann. § 5-1-110 (Repl. 1997). We, however, conclude that these crimes are not lesser-included offenses of manslaughter. Therefore, we affirm the denial of the motion to dismiss.

It is not disputed that on December 31, 2000, Catron was involved in an automobile accident that resulted in the death of Aaron Leuders. According to exhibits attached to his motion to dismiss, on January 17, 2001, Catron pleaded no contest in municipal court to the charge of driving while intoxicated, and on January 19, 2001, he pleaded guilty in municipal court to the charge of driving left of center. On January 29, 2001, the State filed an information charging Catron with manslaughter, asserting that Catron "on or about December 31, 2001, . . . did . . . [r]ecklessly cause[ ] the death of another person." In describing how the crime was committed, the information further provided that "[w]hile intoxicated [Catron] entered the northbound lane of interstate 540 near Watkins St. and drove southbound where he struck an automobile driven by Aaron Leuders causing his death. . . ."

In response to this charge, Catron filed a motion to dismiss, asserting that he had been convicted of driving while intoxicated and driving left of center, and that the Double Jeopardy Clause precluded the State from prosecuting him for manslaughter. Additionally, Catron claimed that the State was collaterally estopped from litigating the manslaughter charge. The court denied this motion, and Catron appealed.

On appeal, Catron again contends that driving while intoxicated, which requires proof that a person was operating or in actual physical control of a motor vehicle while intoxicated or while "there was . . . 0.10 % . . . or more by weight of alcohol in the person's blood,"[1] and driving left of center, in violation of a statute that requires, with certain exceptions, that "a vehicle shall be driven upon the right half of the roadway,"[2] are lesser-included offenses of manslaughter, which requires proof that "[h]e recklessly cause[d] the death of another person,"[3] and that prosecuting him for manslaughter violates the Double Jeopardy Clause. He reaches this conclusion by noting that the facts set forth in the State's information, that while intoxicated he committed manslaughter by entering the northbound lane of interstate 540 and driving southbound where he struck an automobile driven by Aaron Leuders causing his death, would also establish the crimes of driving while intoxicated and driving left of center. Because these facts would establish these crimes, he concludes that driving while intoxicated and driving left of center are lesser-included offenses of manslaughter, which has only one additional element, causing the death of another person.[4]

■■ The test for determining whether a subsequent prosecution is barred under the Double Jeopardy Clause was restated in *United States v. Dixon*[5] as follows:

> In both the multiple punishment and multiple prosecution contexts, this Court has concluded that where the two offenses for which the defendant is punished or tried cannot survive the "same-

[1] Ark. Code Ann. § 5-65-103 (Repl. 1997).
[2] Ark. Code Ann. § 27-51-301 (Supp. 2001).
[3] Ark. Code Ann. § 5-10-104(a)(3) (Repl. 1997).
[4] We further note that appellant contends that *State v. Thornton*, 306 Ark. 402, 815 S.W.2d 386 (1991), stands for the proposition that driving while intoxicated is a lesser-include offense of manslaughter and that *Montague v. State*, 68 Ark. App. 145, 5 S.W.3d 101 (1999), and the case reversing this court, *Montague v. State*, 341 Ark. 144, 14 S.W.3d 867 (2000), and stand for the proposition that negligent homicide is a lesser-included offense of manslaughter when intoxication is an essential element. We disagree, as none of these cases so hold.
[5] 509 U.S. 688 (1993).

elements" test, the double jeopardy bar applies. The same-elements test, sometimes referred to as the *Blockberger* test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offense" and double jeopardy bars additional punishment and successive prosecution.[6]

Further, our double-jeopardy statute provides that a person may not be convicted of more than one offense if "[o]ne offense is included in the other."[7] An offense is so included if "[i]t is established by proof of the same or less than all the elements required to establish the commission of the offense charged."[8]

■ In examining the elements of manslaughter, driving while intoxicated, and driving left of center, we conclude that driving while intoxicated and driving left of center are not lesser-included offenses of manslaughter. Specifically, we note that driving while intoxicated requires proof that a person was operating or in actual physical control of a motor vehicle and was intoxicated or had 0.10% or more by weight of alcohol in the person's blood. Neither of these elements is an element of the offense of manslaughter. Likewise, the offense of driving left of center requires proof that the driver was impermissibly driving left of center; the offense of manslaughter does not. Moreover, manslaughter requires proof that a person recklessly caused a death, elements which are not found in either of the other two offenses.

■ Catron further argues that in our analysis we must also determine whether the State will prove "conduct" that constitutes an offense for which the defendant has already been prosecuted. That approach, however, was rejected by the United States Supreme Court in *Dixon*.[9]

■ Catron also notes that under our criminal statutes, an "element of the offense" is defined in part as "the conduct, the attendant circumstances, and the result of conduct that . . . [i]s specified in the definition of the offense" or "[e]stablishes the kind of culpable mental state required for commission of the offense."[10] Thus, he contends that our statute incorporated the same-conduct test rather that the same-elements test. However, because the

---

[6] *Id.* at 696 (citations omitted).
[7] Ark. Code Ann. § 5-1-110(a)(1) (Repl. 1997).
[8] Ark. Code Ann. § 5-1-110(b)(1) (Repl. 1997).
[9] *See Dixon*, 509 U.S. at 703-04.
[10] Ark. Code Ann. § 5-1-102(5)(A) and (B) (Supp. 2001).

Arkansas Supreme Court has concluded that the Arkansas General Assembly has codified the *Blockberger* test, which is the "same-elements" test, in our double-jeopardy statute, we are constrained to disagree with him.[11]

██ ██ Catron further suggests that driving while intoxicated and driving left of center are also lesser-included offenses of manslaughter because each offense "differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person . . . or a lesser kind of culpable mental state suffices to establish its commission." We disagree because, as we previously described, there are several differences between manslaughter and the other two offenses. He also asserts that he cannot be convicted of manslaughter because "[t]he offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of that conduct."[12] We again disagree because manslaughter, driving while intoxicated, and driving left of enter are not defined in a way that suggests driving while intoxicated and driving left of center are specific instances of manslaughter.

██ Catron also argues that the doctrine of collateral estoppel bars a trial on the manslaughter charge because he was previously convicted of driving while intoxicated and driving left of center. However, because the State won rather than lost the earlier convictions, and further, because the elements of the crimes differ, the doctrine of collateral estoppel does not apply.[13]

Affirmed.

VAUGHT and BAKER, JJ., agree.

---

[11] *Cothren v. State,* 344 Ark. 697, 705, 42 S.W.3d 543, 548 (2001); *see also State v. Thompson,* 343 Ark. 135, 143, 34 S.W.3d 33, 37-38 (2000).

[12] Ark. Code Ann. § 5-1-110(a)(4) (Repl. 1997).

[13] *Thompson,* 343 Ark. at 142-43, 34 S.W.3d at 37-38.