NUMBER 13-01-542-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


IN RE JOHN ROBERT LEE, Relator.

___________________________________________________________________


On Petition for Writ of Mandamus .

__________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Justice Rodriguez



Relator, John Robert Lee, filed a petition for writ of mandamus against respondent, the Honorable J. Manuel Bañales,
requesting that this Court vacate respondent's order modifying the terms of his probation. We conditionally grant relator's
petition for writ of mandamus.

A. Relevant Facts

Relator is a defendant in a criminal case pending in the 105th Judicial District of Nueces County. On March 20, 2000,
relator entered a plea of "guilty" to the charge of indecency with a child. Respondent deferred adjudication of guilt and
placed relator on community supervision for a period of five years. On May 18, 2001, the trial court conducted a
supervision review of all sex offenders who were currently on community supervision. At the review, evidence was
introduced confirming relator had failed to comply with the reporting requirements of his probation, and respondent entered
an order modifying the terms and conditions of relator's probation to include the following, about which relator now
complains:

8. Defendant is to place an eighteen (18) inch by twenty-four (24) inch sign, facing away from the defendant's residence
clearly visible to the public. The sign, purchased through the Nueces County CSCD, will read, "DANGER REGISTERED
SEX OFFENDER LIVES HERE. Report suspicious behavior to 361/854-4122 Nueces County CSCD, 361/888-2307
Nueces County Sheriff's Department, or 361/886-2600 Corpus Christi Police Department."


8a. Upon good cause shown by the defendant, in lieu of placing the sign described in condition 8 above, the defendant
shall provide to his community supervision officer stamped envelopes addressed to each household in a three block radius
from his residence, including every apartment within that radius, or within one mile if the defendant resides in a rural area.

8b. For any change in address, the defendant will be required to relocate and re-post this same sign in accordance with the
conditions of supervision, at the defendant's new residence within 24 hours.

8c. Defendant is to place a nine (9) inch by six (6) inch sign, in any car he/she is riding in clearly visible to the public. the
sign, purchased through the Nueces County CSCD, will read, "DANGER REGISTERED SEX OFFENDER IN VEHICLE.
Report suspicious behavior to 361/854-4122 Nueces County CSCD, 361/888-2307 Nueces County Sheriff's Department, or
361/886-2600 Corpus Christi Police Department."

8d. Defendant is to place a bumper sticker on the rear bumper of any vehicle he/she drives or owns clearly visible to the
public. The bumper sticker, purchased through the Nueces County CSCD, will read, "DANGER REGISTERED SEX
OFFENDER IN VEHICLE. Report suspicious behavior to 361/854-4122 Nueces County CSCD, 361/886-2307 Nueces
County Sheriff's department, or 351/886-2600 Corpus Christi Police Department."


B. The Law


Mandamus is an extraordinary writ, and its issuance is never a matter of right but rests in the sound discretion of the
Court.Dickens v. Second Ct. App., 727 S.W.2d 542, 549 (Tex. Crim. App. 1987). To be entitled to mandamus relief, a
relator must conclusively establish two requirements: (1) there must be no other adequate legal remedy; and (2) under the
relevant facts and law, the act sought to be compelled is purely ministerial. State, ex rel. Hill v. Ct. App. for the Fifth Dist.,
34 S.W.3d 924, 927 (Tex. Crim. App. 2001); Stotts v. Wisser, 894 S.W.2d 366, 367 (Tex. Crim. App. 1997); Buntion v.
Harmon, 827 S.W.2d 945, 947 (Tex. Crim. App. 1992); Dickens, 727 S.W.2d 542, 550 (Tex. Crim. App. 1987); State ex
rel. Vance v. Routt, 571 S.W.2d 903, 907 (Tex. Crim. App. 1978).1. No Adequate Legal Remedy

When a defendant voluntarily pleads guilty, waives his right to a jury trial, and asks the court to place him on probation, he
voluntarily waives his right to a direct appeal of the community supervision requirements or modifications
thereof.Basaldua v. State, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977). Likewise, because relator is voluntarily seeking to
avoid a final conviction through successful completion of community supervision, he is not eligible to seek a
post-conviction writ of habeas corpus under article 11.07, section 3 of the Texas Code of Criminal Procedure. Tex. Code
Crim. Proc. Ann. art. 11.07, § 3 (Vernon Supp. 2001); see Busby v. State, 984 S.W.2d 627, 629 (Tex. Crim. App. 1998)
(there has been no conviction when court grants deferred adjudication probation). Because relator may not appeal and may
not pursue habeas corpus, he has no adequate remedy at law.

Nonetheless, respondent urges that because the trial court, by statute, has the discretion to alter or modify relator's
conditions of probation at any time during the period of community supervision, relator has the legal remedy of petitioning
the trial court to modify his conditions regarding the public notice. See Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a)
(Vernon Supp. 2001). Without deciding whether article 42.12 provides relator an adequate legal remedy, we note that on
May 24, 2001, relator requested that respondent eliminate the public notice requirements of his community supervision
conditions. Following an evidentiary hearing, respondent determined that the public notice requirements would serve the
best interest of the community and, as such, denied relator's request for modification. Thus, that avenue has been pursued
unsuccessfully, and we know of no other legal mechanism short of mandamus by which relator may now challenge
respondent's order. Accordingly, we conclude that relator has no adequate remedy at law.

2. Ministerial Act/Clear Right to Relief Requirement

The second element a relator must conclusively establish is that the act sought to be compelled is purely ministerial. Hill,
34 S.W.3d at 927.

A ministerial act is one which is accomplished without the exercise of discretion or judgment. If there is any discretion or
judicial determination attendant to the act, it is not ministerial in nature. Nor is a ministerial act implicated if the trial court
must weigh conflicting claims or collateral matters which require legal resolution.

Id. (citing State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987)). If the act sought to be compelled is
one which requires the exercise of judicial discretion, or where the law is equivocal or unsettled, mandamus relief is
improper and should be denied. Hill, 34 S.W.3d at 928. The court of criminal appeals has described the "ministerial act
requirement" as a requirement that the relator have a "clear right to the relief sought." Id. at 927 (citations omitted). Under
the ministerial act/clear legal right requirement, the law must clearly spell out the duty to be performed with such certainty
that there is nothing left to the court's discretion or judgment. Id. at 928 (citations omitted).

"[T]he granting of probation is completely subject to legislative regulation." Busby, 984 S.W.2d at 629. If the district court
is authorized to impose a condition of community supervision that requires a defendant to place signs in certain locations
identifying the defendant as a sex offender, its authority to do so must be found in a statute. See id. Respondent asserts
that his action is authorized by article 42.12, section 11(a) of the Texas Code of Criminal Procedure, which provides that
"the judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the
victim, or punish, rehabilitate, or reform the defendant." Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a) (Vernon Supp.
2001). This article identifies what the trial court may require as appropriate conditions of community supervision, including
subsection twenty-three which provides, "[i]n any manner required by the judge, [the defendant shall] provide public notice
of the offense for which the defendant was placed on community supervision in the county in which the offense was
committed." Id. at § 11(a)(23). 

Respondent urges that, based on this language, a trial court possesses, at its discretion, the ability to include public
notification of a probationer's offense as a condition of his community supervision. Respondent contends that because this
public notification condition is not a mandatory condition to be included in every community supervision, it is not a
ministerial act, but rather, a discretionary one in which the trial court is to exercise discretion and judgment. See Hill, 34
S.W.3d at 927; Curry, 726 S.W.2d at 128.

Relator argues, however, that respondent had "no discretion" to order such notice, because the legislature has recently
provided statutory authority which specifies a mandatory method of notice. We agree. 

Effective January 1, 2000, the legislature exercised its power to direct the court's efforts in the area of public notification
through the sex offender registration program found in chapter 62 of the Texas Code of Criminal Procedure. Tex. Code
Crim. Proc. Ann. arts. 62.01-62.13 (Vernon Supp. 2001). Whereas section 11(a)(23) of article 42.12 includes a general
provision for public notice of the offense for which a defendant is placed on community supervision, article 62.045 clearly
provides a specific provision for public notice when the defendant is a sex offender.

Article 62.045(a) of the registration program requires, in relevant part, that when the Department of Public Safety (the
department) receives notice that a person is being placed on probation, it shall determine the risk to the public and, if the
person poses a significant risk, as defined in the statute, the department shall "provide written notice mailed or delivered to
at least each residential address within a one-mile radius, in an area that has not been subdivided, or a three block area, in
an area that has been subdivided, of the place where the person intends to reside." Tex. Code Crim. Proc. Ann. art.
62.045(a) (Vernon Supp. 2001). The department shall provide the notice in English and Spanish and shall include any
information that is public information, but may not include information that is not public information under this chapter. Id.
at art. 62.045(b). All costs incurred by the department in providing the notice shall be paid by the person subject to
registration. Id. at art. 62.045(c). Further, if considered a significant risk, the local law enforcement authority (1) may
provide notice to the public, in any manner appropriate including holding a neighborhood meeting, posting notices in the
area where the person intends to reside, distributing printed notices, or establishing a specialized local website. Id. at art.
62.045(d). Additionally, "an owner of a single-family residential property or the owner's agent has no duty to make a
disclosure to a prospective buyer or tenant about registrants under this chapter." Id. at art. 62.045(e).

Article 62.045 provides specific, exclusive, and mandatory direction on how the public is to be notified when sex offenders
reside in their neighborhoods. Because this method of notification is described with such certainty and specificity, we
conclude nothing is left to the trial court's discretion or judgment in this area. See Hill, 34 S.W.3d at 928; see also Busby,
984 S.W.2d at 629 (specific statutes control over general ones). Because notification of the public is clearly fixed and
required by law, any action taken by the trial court regarding such notification is a ministerial act. See Curry, 726 S.W.2d
at 128.

C. Conclusion

T he legislature has decided what notification must be given to the public. Chapter 62 of the code of criminal procedure
clearly defines the required notification in this instance. Thus, article 62.045 preempts article 42.12, section 11(a)(23), and
respondent cannot impose the terms and conditions contained in the modification order about which relator complains.
Respondent had no discretion in determining that additional public notification was necessary. Under the relevant facts and
law, we conclude the act sought to be compelled is purely ministerial, thus, relator has a clear right to mandamus relief as a
matter of law.

Accordingly, we conditionally grant relator's petition for writ of mandamus, and order respondent to vacate his order
modifying the terms of probation as set out herein. This writ will not issue unless respondent fails to comply with the
opinion of this Court. 

NELDA V. RODRIGUEZ

Justice



Dissenting Opinion by Justice Hinojosa.



Publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 28th day of February, 2002.

 

1. "'Local law enforcement authority' means the chief of police of a municipality or the sheriff of a county in this state."
Tex. Code Crim. Proc. Ann. art. 62.01(2) (Vernon Supp. 2001).



* * * * * * * * * *






NUMBER 13-01-542-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

______________________________________________________________


IN RE JOHN ROBERT LEE, Relator.

______________________________________________________________


On Relator's Petition for Writ of Mandamus.

______________________________________________________________


DISSENTING OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Dissenting Opinion by Justice Hinojosa


The majority holds that respondent, the Honorable J. Manuel Banales, presiding judge of the 105th District Court of
Nueces County, did not have discretion to impose additional public notice requirements on relator, John Robert Lee,
because the legislature enacted article 62 of the code of criminal procedure, the sex offender registration statute. See Tex.
Code Crim. Proc. Ann art. 62.01 (Vernon Supp. 2002). The majority concludes that the enactment of this statute, preempts
article 42.12, section 11(a)(23) of the code of criminal procedure, which allows the trial courts of this state to impose as a
condition of community supervision, that the person "provide public notice of the offense for which [he] was placed on
community supervision in the county in which the offense was committed." Tex. Code Crim. Proc. Ann art. 42.12, §
11(a)(23) (Vernon Supp. 2002). The majority bases its conclusion on the rule of statutory construction that "specific
statutes control over general ones." I respectfully dissent because I do not believe this rule applies in this case.

A. Requirements for Mandamus Relief

To be entitled to mandamus relief, the relator must demonstrate (1) that he has no other adequate remedy at law, and (2)
that under the relevant facts and law, the act sought to be compelled is purely ministerial. State ex rel. Hill v. Ct. of App.
Fifth Dist., 34 S.W.3d 924, 927 (Tex. Crim. App. 2001); Dickens v. Ct. of App. Second Dist., 727 S.W.2d 542, 549-50
(Tex. Crim. App. 1987). An act is ministerial if it does not involve the exercise of any discretion. Hill, 34 S.W.3d at
927;State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987)(op. on reh'g). Additionally, the relator must
have a clear right to the relief sought. Hill, 34 S.W.3d at 927; State ex rel. Rodriguez v. Marquez, 4 S.W.3d 227, 228 (Tex.
Crim. App. 1999); Buntion v. Harmon, 827 S.W.2d 945, 947 n. 2 (Tex. Crim. App. 1992). This means that the relief
sought must be "'clear and indisputable' such that its merits are 'beyond dispute.'" Hill, 34 S.W.3d at 927-28 (quoting State
ex rel. Wade v. Mays, 689 S. W.3d 893, 897 (Tex. Crim. App. 1985)). Under the ministerial act/clear legal right
requirement, the law must clearly spell out the duty to be performed with such certainty that nothing is left to the exercise
of discretion. Hill, 34 S.W.3d at 928; Tex. Dept. of Corrections v. Dalehite, 623 S.W.2d 420, 424 (Tex. Crim. App. 1981).
Even a trial court's ruling on a pure question of law is not subject to writ review where the law in question is unsettled or
uncertain. Hill, 34 S.W.3d at 928 n.4; Wade, 689 S.W.2d at 898-900. The act must be positively commanded and so
plainly prescribed under the law as to be free from doubt. Hill, 34 S.W.3d at 928; Buntion, 827 S.W.2d at 949. 

B. Rules of Statutory Construction

Texas has codified its rules of statutory construction in the code construction act. See Tex. Gov't Code Ann. § 311.001
(Vernon 1998). The Act applies to each code enacted by the 60th or a subsequent legislature as part of the state's
continuing statutory revision program. Id. at 311.002(1). Because the code of criminal procedure as a whole was enacted
prior to the 60th Legislature, the code construction act applies to it to the extent that it has been amended or reenacted by
the 60th or any subsequent legislature. Ex parte Ruthart, 980 S.W.2d 469, 472 (Tex. Crim. App. 1998). In 1997, the 75th
Legislature added article 62 to the code of criminal procedure. See Act of May 24, 1997, 75th Leg., R.S., ch. 668, § 1,
1997 Tex. Sess. Laws 2253, 2265. Therefore, the code construction act applies to article 62.

If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect
is given to both. Tex. Gov't Code Ann. § 311.026(a) (Vernon 1998). If the conflict between the general provision and the
special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision,
unless the general provision is the later enactment and the manifest intent is that the general provision prevail. Tex. Gov't
Code Ann. § 311.026(b) (Vernon 1998). However, statutory provisions must first be irreconcilable before one of them will
take precedence over the other. H & C Communications, Inc. v. Reed's Food Int'l, Inc., 887 S.W.2d 475, 478 (Tex.
App.-San Antonio 1994, no pet.). Statutes which have the same purpose or relate to the same subject are "in pari materia"
and must be construed together if possible. Petta v. State, 840 S.W.2d 721, 723 (Tex. App.-Corpus Christi 1992, pet.
ref'd).

C. Articles 62 and 42.12

Article 62 relates to public notice that must be given by certain sex offenders, including those placed on community
supervision. Article 42.12 relates, in part, to conditions that may be imposed by a trial court on persons who are placed on
community supervision. Article 42.12, section 11(a)(23) provides:

Basic Conditions of Community Supervision

Sec. 11. (a) The judge of the court having jurisdiction of the case shall determine the conditions of community supervision
and may, at any time, during the period of community supervision alter or modify the conditions. The judge may impose
any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish,
rehabilitate, or reform the defendant. Conditions of community supervision may include, but shall not be limited to, the
conditions that the defendant shall:



* * * * *


(23) In any manner required by the judge, provide public notice of the offense for which the defendant was placed on
community supervision in the county in which the offense was committed.

Tex. Code Crim. Proc. Ann art. 42.12, § 11(a)(23) (Vernon Supp. 2002).

As to public notice, these two statutes "cover the same general subject matter or person, proscribe the same conduct, or
have a similar purpose or object." Petta, 840 S.W.2d at 723; see also Cheney v. State, 755 S.W.2d 123, 127 (Tex. Crim.
App. 1988). We must, therefore, construe them together if possible. Petta, 840 S.W.2d at 723; see also Tex. Gov't Code
Ann. § 311.026(a) (Vernon 1998).

Article 62 mandates certain public notification requirements for certain sex offenders. However, I find nothing in article 62
suggesting that the trial courts of this state no longer have the power granted them by article 42.12, section 11(a)(23), to
impose additional public notice requirements on these offenders.

Because we are required to construe article 62 and article 42.12 together if possible, giving full effect to both, I conclude
that respondent has the power to impose the additional public notice requirements of which relator complains. Because he
has such power, I would hold respondent's act was discretionary, not ministerial.

To be entitled to mandamus relief, the relator must demonstrate (1) that he has no other adequate remedy at law, and (2)
that under the relevant facts and law, the act sought to be compelled is purely ministerial. State ex rel. Hill, 34 S.W.3d at
927; Dickens, 727 S.W.2d at 549-50. I would deny the petition for writ of mandamus because relator has not shown that
respondent's act was purely ministerial.

For these reasons, I respectfully dissent.

FEDERICO G. HINOJOSA

Justice

Publish. Tex. R. App. P. 47.3.

Dissenting Opinion delivered and filed this the

28th day of February, 2002.