Lowell Wayne GEORGE *v.* STATE of Arkansas

CR 80-105                                              604 S.W. 2d 940

Supreme Court of Arkansas
Opinion delivered September 22, 1980

336

*Holloway & Haddock*, by: *Bill R. Holloway*, Lake Village, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., Little Rock, for appellee.

RICHARD L. MAYS, Justice. During a jury trial of appellant for first degree murder, the state introduced a prior consistent handwritten statement of a prosecuting witness to bolster her testimony after she testified in court. The jury convicted appellant of second degree murder and imposed a sentence of 10 years imprisonment and a $10,000 fine. For reversal, appellant contends that the trial court erred in admitting the witness' prior consistent statement. We agree and, accordingly, reverse.

In the early morning hours of July 1, 1979, appellant, Lowell Wayne George, shot Jerry French in his chest with a 22 rifle, killing him. The shooting occurred in the yard of Jerry French's house trailer in the presence of four witnesses, Keith Millerd, Betty Westmoreland, Frankie King and Becky Hogg. At the trial, Keith Millerd testified that Wayne George threatened Jerry French after a brief argument and then shot him in the chest. Betty Westmoreland testified that she heard George threaten to kill French but did not actually see George shoot French. However, the appellant and his girlfriend, Frankie King, testified that the gun went off accidentally when French grabbed it. During the cross-examination of Betty Westmoreland, appellant's counsel pointed out that a profane reference was included in her testimony concerning appellant's threat to kill Jerry French which was not contained in a prior written statement which she had given to police officers. Ms. Westmoreland explained that she had not thought about writing down "all the bad words that were said" when she provided the written statement. Although no further references were made to Ms. Westmoreland's statement, the state subsequently recalled the police investigator who had taken the statement and introduced it over the objections of appellant's counsel. With the exception of the profane reference, Ms. Westmoreland's prior written statement was in harmony with her testimony in court.

The general rule is that prior consistent statements of a witness are not admissible to corroborate or sustain his

testimony given in court. *Rogers* v. *State*, 88 Ark. 451, 115 S.W. 156 (1908). Such statements are self-serving and cumulative, and their admission would simply suggest that credibility depends upon the number of times the witness has repeated the same story rather than the inherent trustworthiness of the story. 4 Wigmore on Evidence (Chandbourne Rev.) §§ 1122-1124. Moreover, such statements may be easily fabricated to achieve the same purpose for which they are primarily excluded.

The rule of exclusion of prior consistent statements is relaxed, however, where the statement is offered to rebut an express or implied charge of recent fabrication or improper influence or motive. See, U.R.E. 801(d)(1)(ii), Ark. Stat. Ann. § 28-1001 (Repl. 1979). The state contends that this exception is applicable to support the admissibility of Ms. Westmoreland's prior written statement here. We disagree. For a prior consistent statement to be admissible under this exception, the statement must predate the motive to fabricate. See, *e.g., Brown* v. *State*, 262 Ark. 298, 556 S.W. 2d 418 (1977). Any improper motive attributable to Ms. Westmoreland would likely flow from her close relationship with the decedent, Jerry French. Since that relationship predates the prior written statement as well as her testimony under oath at trial, the statement would be no more trustworthy than her in court testimony.

The state contends that Ms. Westmoreland's prior consistent statement was admissible under Rule 106 of the Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979), which provides:

Whenever a writing or recorded statement, or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part . . . which in fairness ought to be considered contemporaneously with it.

The state argues that since appellant's defense counsel quoted a part of Ms. Westmoreland's statement, it was only fair to admit the rest of it to explain away any implication that the witness had changed her story. We have held, however, that

where the omitted portion of the statement is not explanatory of the part referred to on cross-examination, it is error to admit the entire statement. *Derrick* v. *Rock*, 218 Ark. 339, 236 S.W. 2d 726 (1951). Not only was the remainder of Ms. Westmoreland's prior statement unrelated to the issue raised by appellant's counsel on cross-examination, but she fully explained the reason for omitting profane words in her written statement when she testified.

The state finally contends that the prior consistent statement was admissible because of the impeachment efforts of appellant's counsel on cross-examination. The state argues that the trial judge had discretion to permit the introduction of the prior statement to rehabilitate Ms. Westmoreland. This argument is not materially different from the others relied upon by the state. Basically, the state asserts that it should be allowed to introduce the prior consistent statement to corroborate any particular testimony which the defense sought to discredit on cross-examination. Although we perceive that the breadth of the exception which the state seeks to invoke would consume the general rule of exclusion of prior consistent statements, a prospect which causes us some trepidation, we need not reach that issue here since we do not find evidence of sufficient impeachment of Ms. Westmoreland on cross-examination to justify any rehabilitation.

Although the admission of the prior consistent statement was merely cumulative and corroborative of competent testimony properly admitted, we cannot say its admission was harmless. Appellant's conviction of second degree murder depends upon the credibility of the prosecution witnesses as opposed to those of the defense. We cannot say that Ms. Westmoreland's credibility was not enhanced by the admission of her prior written statement and that such enhancement did not shift the scales of justice against the cause of the appellant.

Reversed and remanded.

FOGLEMAN, C.J., and STROUD, dissent.