Carla WORRING *v.* STATE of Arkansas

CA CR 80-94                                           616 S.W. 2d 23

Court of Appeals of Arkansas
Opinion delivered May 27, 1981

*William C. McArthur*, for appellant.

*Steve Clark*, Atty. Gen., by: *C. R. McNair, III*, Asst. Atty. Gen., for appellee.

DONALD L. CORBIN, Judge. Appellant was charged with murder in the first degree in violation of Ark. Stat. Ann. § 41-1502 (Repl. 1977). Following a trial by jury, she was found guilty of manslaughter and sentenced to ten years in the Arkansas Department of Correction. She alleges five points of error on appeal. One point is meritorious. We reverse the judgment and remand the case for retrial.

On December 11, 1978, appellant Carla Worring had followed her husband's truck to a darkened area behind a truck terminal in Stuttgart, Arkansas. She found her husband seated in a parked automobile with Diane Moritz. Appellant parked directly behind Ms. Moritz's car and walked around to the driver's side of the other vehicle and opened the door. She verbally accosted her husband and shot him one time with a .22 caliber pistol. Appellant and Ms.

Moritz attempted to load the victim into appellant's car to take him to the hospital. Ms. Moritz left the scene to find someone to help them load the victim into the car. Cecil Worring, the appellant's husband, died shortly after arriving at the local hospital.

## I.

Appellant contends the trial court erred in excluding expert testimony presented by appellant relating to appellant's psychological make-up and formation of intent. Appellant proposed to present at trial the testimony of psychiatrist Dr. Aubrey C. Smith concerning certain psychological aspects of appellant as they relate to culpable mental state, intent, and other aspects of appellant's state of mind at the time of the shooting. The trial court excluded such testimony but allowed appellant to make a proffer of what Dr. Smith's testimony would be. Appellant testified that she had not intentionally fired the weapon and had no intention of doing so at any time. She contends her testimony would have been corroborated by the expert testimony of Dr. Smith.

We fail to see where appellant was prejudiced by the court's failure to allow this testimony. The charge of first degree murder was reduced to manslaughter by the jury, apparently on the testimony of appellant as to her state of mind at the time of the shooting.

The manslaughter statute, Ark. Stat. Ann. § 41-1504 (Repl. 1977), in part provides:

> *Manslaughter.* — A person commits manslaughter if:
> (a) he causes the death of another person under circumstances that would be murder, except that he causes the death under the influence of extreme emotional disturbance for which there is reasonable excuse. The reasonableness of the excuse shall be determined from the viewpoint of a person in the defendant's situation under the circumstances as he believes them to be;
> . . .

(c) he recklessly causes the death of another person;

The jury could have used either one of these definitions to convict appellant of manslaughter.

## II.

Appellant alleges that the trial court erred in denying appellant's motion for mistrial because of inadmissible, inflammatory and prejudicial cross-examination by the State. Since we are reversing and remanding for a new trial, we need not consider this issue because we believe it can be adequately dealt with at the trial court level.

## III.

For her third point for reversal, appellant alleges that the trial court erred in not instructing the jury on negligent homicide. In the case at bar, appellant was charged with first degree murder. The jury was instructed on first degree murder, second degree murder and manslaughter. Defendant's requested instruction on negligent homicide was refused by the court.

Ark. Stat. Ann. § 41-1505 (Repl. 1977) defines negligent homicide as: "(1) A person commits negligent homicide if he negligently causes the death of another person."

Ark. Stat. Ann. § 41-203 (Repl. 1977) defines reckless and negligent culpable mental states. The Commentary to that section distinguishes the definitions for reckless and negligent mental states, to-wit:

"Negligent" conduct is defined by subsection (4). It is distinguished from "reckless" conduct primarily in that it does not involve conscious disregard of a perceived risk. An actor charged with negligent homicide — for example, negligent homicide (§ 41-1505) — is assumed to have been unaware of the existence of the risk. Under the definition, the fact finder must determine whether the actor should have been aware of a

risk. The nature and degree of the risk itself are the same for both culpable mental states.

It follows that the jury, as the finder of fact, should have been instructed on negligent homicide. They could have determined whether appellant should have been aware of the risk in her pointing a gun at the victim.

## IV.

Appellant alleges that the trial court erred in allowing the State to present hearsay testimony to corroborate another witness.

During the testimony of Tammy Bose, a witness called in behalf of the State, the State elicited testimony concerning a conversation between Ms. Bose and Diane Moritz to which appellant objected. Appellant contends these were hearsay statements concerning Ms. Moritz's intention to purchase a weapon from the victim as a gift to her husband. The obvious intent of eliciting this statement was to corroborate Ms. Moritz's testimony as to her reason for meeting Mr. Worring behind the truck-stop on the evening of the shooting. We agree with the State that the testimony was not offered to prove the truth of the matter asserted, and therefore, the testimony was not hearsay. Ark. Stat. Ann. § 28-1001, Uniform Rules of Evidence, Rule 801. We find no error here.

## V.

Appellant alleges that the trial court erred in sustaining the State's objection to appellant's redirect testimony.

After cross-examination by the State, appellant testified on redirect. The State objected to her testimony stating that the testimony had not been covered in direct examination and was improper. The objection was sustained by the court and excluded. Appellant acknowledges that the reason for this testimony was to show the jury that appellant had related the same series of events from the night of this occurrence to the date of trial with little or no variation in

her statements. Appellant contends that her credibility was of utmost importance in this case.

It was recently observed by the Arkansas Supreme Court in *George* v. *State*, 270 Ark. 335, 604 S.W. 2d 940 (1980) that:

> The general rule is that prior consistent statements of a witness are not admissible to corroborate or sustain his testimony given in court. *Rogers* v. *State*, 88 Ark. 451, 115 S.W. 156 (1908). Such statements are self serving and cumulative, and their admission would simply suggest that credibility depends upon the number of times the witness had repeated the same story rather than inherent trustworthiness of the story. 4 Wigmore on Evidence (Chadbourne Rev.) §§ 1122-1124.

During cross-examination of the appellant, the State never expressly or impliedly charged that the appellant's direct testimony was fabricated. We find no error in the trial court's refusal to exclude this testimony.

We reverse and remand.

GLAZE, J., concurs.

CLONINGER, J., dissents.