Corey Roshan HARRIS *v.* STATE of Arkansas

99-593                                                              2 S.W.3d 768

Supreme Court of Arkansas
Opinion delivered October 21, 1999

*William R. Simpson, Jr.,* Public Defender, by: *Deborah R. Sallings,* Deputy Public Defender, for appellant.

*Mark Pryor,* Att'y Gen., by: *Michael C. Angel,* Asst. Att'y Gen., for appellee.

R AY THORNTON, Justice. Appellant, Corey Harris, was convicted of aggravated robbery, kidnapping, and theft of property. As a twice convicted felon, appellant was sentenced to life imprisonment for the aggravated robbery and kidnapping charges and to thirty years' imprisonment for the theft-of-property charge, with the sentences to be served concurrently. Appellant raises one evidentiary point on appeal and we affirm.

Because there was no challenge to the sufficiency of the evidence, we will summarize the facts. On the night of April 26, 1998, April Roberts was approached at her apartment complex by appellant, who forced her at gun-point to get into her car and drive him to a secluded area. He sat next to her in the passenger's seat and went through the contents of her purse, removing her ATM card, then requested that she give him her ATM personal identification number. Mrs. Roberts was then forced into the trunk of her car while appellant drove to her bank, where he used her ATM card to withdraw money from her account. As he continued to drive the

vehicle, Ms. Roberts was able to open the trunk, and she jumped from the moving car. She was severely injured.

Ms. Roberts identified appellant from a photo lineup, and a videotape of the ATM transaction at Ms. Roberts's bank contained clear photographs of the transaction.

■ During trial, appellant relied on the defense of mistaken identity and on appeal he contends that the trial court erred in admitting into evidence a copy of Ms. Roberts's statement taken by the police following the incident in which she described her assailant and the crimes committed by him. This court has repeatedly ruled that trial courts have broad discretion in deciding evidentiary issues and those decisions will not be reversed absent a clear abuse of discretion. *Williams v. State*, 338 Ark. 97, 991 S.W.2d 565 (1999); *Sweat v. State*, 307 Ark. 406, 820 S.W.2d 459 (1991).

We note that the statement to the police was first used by appellant in cross examination of Ms. Roberts to suggest inconsistencies during her testimony about her opportunity to identify her assailant. Her testimony in part was:

Q. [defense counsel] When he got into the vehicle he put a bandana on his face, is that correct?

A. [MS. ROBERTS] Not right after he got in there.

Q. Okay. What – how – what was the length of time from once he got into the car until the bandana was put on his face?

A. Maybe ten minutes.

Q. Okay. And when you arrived at Shannon Hills, is that when he put the bandana on his face or was it before?

A. No. He put it while he was in there. [*sic*] He had a hard time keeping it over his face and then after – when he asked me to get in the car, he did not have it on his face then.

Q. Okay. And did you tell that to the police?

A. I don't remember.

Defense counsel then presented Ms. Roberts with a copy of a transcript containing the earlier conversation she had with Detec-

tive Kevin Simpson of the Little Rock Police Department and then continued her cross examination:

> Q. Could you look through there [the transcript] and please tell me if you see where you told Detective Simpson that he [appellant] got out of the car without the bandana on his face?
>
> A. No. I don't see anywhere that I said that.
>
> · · ·
>
> Q. Do you know if he had a mustache or beard?
>
> A. There was kind of like a goatee like.
>
> Q. Did you tell Detective Simpson that?
>
> A. I don't know.
>
> · · ·
>
> Q. Would it help to refresh your memory? Again showing you Defendant's Exhibit Number 1 [the transcript].
>
> A. I don't see that I even said it on here.

At the conclusion of the cross examination, the State then sought to rehabilitate Ms. Roberts's credibility on redirect examination at the end of which the State offered the transcript into evidence:

> MS. BIGGERS [counsel for the State]: Your honor, I have State's exhibit 2 [the transcript] and I'd like that to be introduced into evidence.
>
> THE COURT: Without objection, let it be received.
>
> MS. CORDI [defense counsel]: Your honor, I'll object to her transcript coming in. I think that was just used to refresh her memory. I don't think it's proper that it be admitted into evidence. I think they're just trying to boost her testimony by having the transcript admitted.
>
> MS. BIGGERS: Your honor, it was used to refresh her testimony and Rule 612 says that if witness uses a writing to refresh her memory, the adverse party is entitled to have that produced and it also states that I mean, we're entitled to inspect it and introduce that into evidence.

THE COURT: Okay. The objection's overruled.

It is from this ruling that appellant appeals, arguing that the admission of the transcript was an error.

■ The general rule is that prior consistent statements of a witness are not admissible to corroborate or sustain his testimony given in court. *George v. State*, 270 Ark. 335, 604 S.W.2d 940 (1980). We have explained that to allow such statements would be self-serving and cumulative. *Id*. However, we have also held that it is settled law that a prior statement by a witness testifying at a trial is not hearsay if it is consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive. *Frazier v. State*, 323 Ark. 350, 915 S.W. 2d 691 (1996); *Jones v. State*, 318 Ark. 704, 889 S.W.2d 706 (1994); *see also*, Ark. R. Evid. 801(d)(1)(ii). We hold that this rule is applicable to the present case and that the trial court's ruling was correct.

■ In *Frazier v. State*, 323 Ark. 350, 915 S.W.2d 691 (1996), we considered this question in remarkably similar circumstances, and held that when defense counsel had made every attempt to show a witness's trial testimony was inconsistent with his earlier statements, fairness dictated that the State be allowed to explore this area of inquiry to clarify any confusion or misapprehension that may have lingered in the jury's mind from defense counsel's examination. We explained that such evidence was not hearsay under Ark. R. Evid. 801(d)(1)(ii), and was not offered to prove the truth of the matter asserted, but to rebut an express or implied charge of recent fabrication. *Frazier, supra.*

■ Applying *Frazier* to the present case, it is clear that the trial court's ruling was correct. Defense counsel sought to discredit Ms. Roberts's trial testimony on cross examination by referring to her prior statements made to the police. The State then questioned Ms. Roberts further on the same issue and moved to have the prior statement entered into evidence, which afforded the jury the opportunity to view the statement and determine whether the implied charge of recent fabrication offered by defense counsel was valid.

■ We are mindful that Ark. R. Evid. 612, the rule of evidence cited by the State to persuade the trial court that the transcript of the prior statement should be admitted, was not determinative of the issue presented in this case. However, we have often held that we will not reverse a trial judge who uses the wrong reason but reaches the right result. *See Dandridge v. State*, 292 Ark. 40, 727 S.W.2d 851 (1987); *Chisum v. State*, 273 Ark. 1, 616 S.W.2d 728 (1981). This transcript was admissible under Ark. R. Evid. 801(d)(1)(ii) and in accordance with *Frazier*. We also note that appellant neither requested that a limiting instruction be given nor moved that the trial court exclude from evidence portions of the statement that appellant felt were prejudicial. *See Frazier, supra*. We have concluded that the trial court did not abuse its discretion in admitting the prior statement.

### 4-3(h) Review

In compliance with Ark. Sup. Ct. R. 4–3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant, and no error has been found.

Affirmed.