David A. ANDERSON *v.* STATE of Arkansas

CA CR 00-251                                     33 S.W.3d 173

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered October 25, 2000
[Substituted Opinion on Denial
of Rehearing delivered November 29, 2000.]

*Dorcy Corbin*, Arkansas Public Defender Commission, and *Val Price*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Michael C. Angel*, Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant in this criminal case was charged with murder in the shooting of a long-time friend, Jerry Markum. Appellant admitted the shooting but asserted that it was done in self-defense. After a jury trial, he was convicted

of first-degree murder and sentenced to forty years' imprisonment. From that decision, comes this appeal.

For reversal, appellant contends that the trial court erred in refusing to grant a continuance, in allowing the prosecution to introduce evidence of appellant's violent character, and in proceeding to trial without a finding that appellant was mentally fit to proceed.

Because we find it to be dispositive, we first address appellant's argument that the trial court erred in allowing the prosecution to introduce evidence of appellant's violent character. The trial judge permitted the State to introduce evidence to show that appellant had a disposition for violence, stating that he was overruling appellant's objection to this testimony at trial because appellant had put his own character at issue simply by asserting self-defense. On appeal, appellant contends that this was error. We agree.

The case of *West v. State*, 265 Ark. 52, 576 S.W.2d 718 (1979), is directly on point. It holds that a defendant does not put his own reputation for peacefulness at issue by asserting self-defense, and has been cited as authority for that proposition as recently as 1995. *See Landrum v. State*, 320 Ark. 81, 894 S.W.2d 933 (1995). Furthermore, we do not think it can be said that the error was harmless. Before an evidentiary error may be declared harmless, the reviewing court must conclude that the error is slight and the remaining evidence of a defendant's guilt is overwhelming. *Green v. State*, 59 Ark. App. 1, 953 S.W.2d 60 (1997). The error in the present case was not slight, because it went directly to appellant's propensity to commit violence and thus went to the heart of the case, appellant's intent in shooting Jerry Markum. Furthermore, although there were four eyewitnesses who testified that appellant shot the victim, three of those witnesses were incarcerated at the time of trial and the fourth expressly admitted that his memory is impaired because of a head injury. Moreover, many of the witnesses freely admitted that they had been drinking, taking drugs, or were otherwise impaired at the time of the incident. Finally, all of the witnesses were friends with the victim. The question at trial was credibility and, under these circumstances, we cannot say that the erroneous admission of the evidence was harmless.

The remaining issues argued by appellant are not likely to arise again on retrial, and we therefore need not address them.

Reversed and remanded.

NEAL, BIRD, KOONCE, and ROAF, JJ., agree.

STROUD, J., concurs.

JOHN F. STROUD, JR., Judge, concurring. While I agree with the majority opinion that the remaining issues raised by appellant are not likely to arise again upon retrial, I feel compelled to write separately in order to express what I regard as an abuse of discretion by the trial court in refusing to grant a continuance. The frustrations experienced by trial judges in dealing with requests for continuances and trying to keep their trial dockets current are fully understandable. In this case, however, it seems that the least culpable attorney bore the brunt of the trial court's frustration.

On September 3, 1999, the trial court heard defense counsel's first request for a continuance. Counsel explained that he had been appointed to the case approximately two weeks earlier, on August 19, 1999; that he had just received the case file on Monday; and that he needed a continuance to prepare for trial. The trial court responded:

> There have been several scheduling orders and continuances filed and apparently, Mr. Anderson's had difficulty with every attorney that's appointed for him John Williams, Joe Hughes. Judge Laser held a hearing on May 3, and ordered Mr. Hughes to continue the case and I see on August 19, that Mr. Hughes approached Judge Turner and he was relieved at that time and you were appointed. The case is set for the 14th and I don't see any reason to continue it further. *You're going to have to drop what you're doing and get ready for trial because I'm going to trial on the 14th.*

(Emphasis added.)

In his September 13, 1999, motion for continuance, defense counsel again explained that appellant's jury trial was scheduled for September 14, 1999; that he had been appointed to the case on August 19, 1999, taking the place of an attorney who was allowed to withdraw; that he had not received the case file until August 30, 1999; that he had requested a continuance on September 3, 1999, which was denied; and that he did not believe that he had received adequate time to prepare for trial, considering the seriousness of the alleged three felonies, which included first-degree murder. The motion was again denied.

Under the circumstances of this case, I believe it was an abuse of discretion for the trial court to expect defense counsel "to drop what you're doing and get ready for trial" without some inquiry as to defense counsel's other trial settings and commitments that would affect his ability to drop everything. See Butler v. State, 339 Ark. 429, 5 S.W.3d 466 (1999). To whatever extent the attorney is shorted in his time for trial preparation, his client is correspondingly prejudiced.