David Alan ANDERSON *v.* STATE of Arkansas

CR 02-161 118 S.W.3d 574

Supreme Court of Arkansas
Opinion delivered September 25, 2003

*Daggett, Donovan, Perry & Flowers, PLLC,* by: *Gerald A. Coleman,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Valerie L. Kelly,* Ass't Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. This is the second appeal of this case. Appellant, David Alan Anderson, was previously convicted of first-degree murder and was sentenced to a term of forty years' imprisonment for the September 12, 1998, shooting death of Jerry Markum. His conviction was reversed by the Arkansas Court of Appeals based upon improper evidentiary rulings. *Anderson v. State,* 71 Ark. App. 200, 33 S.W.3d 173 (2000). Appellant was retried for first-degree murder and, upon retrial, was sentenced to life imprisonment. Appellant now appeals his conviction and sentence. We affirm.

The facts of this case are not in dispute. Appellant admitted that he shot the victim but claims that he did so in self-defense. The evidence presented at trial established that on the day of the shooting, Jerry Markum and others were visitors in the home of Troy Ray, who lived at 608 North Fifteenth Street in Paragould, where appellant rented a room. Appellant arrived home with Timothy McDaniel and saw one of the visitors, Ricky Rogers, coming out of his bedroom. After asking Rogers what he was doing in appellant's room, the two men began pushing and shoving one another, and Jerry Markum intervened. Markum hit appellant and knocked his glasses to the floor. Markum and Rogers then went into the living room, where Markum took a seat in a recliner. He yelled to appellant, "If you get your gun, I'll cut you."

After a few seconds, appellant, standing in an archway about three feet away from the recliner, shot Markum in the head. Markum then stood up, and appellant fired a second shot into his back and then stood over his body as it fell to the floor and fired two additional shots at close range into Markum's neck and head. Appellant immediately fled the scene and was arrested the next day in Hayti, Missouri. For his points on appeal, appellant asserts the following as error:

1) That he was denied a fair trial when the trial court allowed him to be cross-examined on prior felony convictions that were more than ten years old;

2) That the trial court erred in excluding testimony regarding specific instances of conduct relating to the victim's violent character;

3) That the trial court erred in excluding the testimony of a witness that the victim had threatened to break appellant's neck the night before the incident occurred;

4) That the trial court erred when it allowed a witness to testify as to what the appellant feared the consequences of the shooting would bring;

5) That the trial court erred when it allowed the State to use an unsworn transcript of a tape that it neither still possessed nor had presented to the defense, during the examination of its own witnesses.

We find no error and affirm the case.

### I. Cross-Examination on Prior Felony Convictions More Than Ten Years Old

Appellant contends that he was denied a fair trial when the trial court permitted·the State to cross-examine him regarding prior felony convictions that were more than ten years old. We hold appellant's argument in this regard to be procedurally barred because the trial court did not rule on his objection and he did not insist upon obtaining a ruling.

The trial court granted a pretrial motion in limine filed by appellant to prevent his convictions that were more than ten years old from being allowed into evidence. At trial, however, while testifying in his own defense, appellant was asked whether he had ever been in trouble with the law, and he answered in a way that opened up the door to a discussion of his prior convictions that preceded the ten-year rule. The cross-examination was as follows:

PROSECUTOR: One thing I did forget to ask you. Right at the first of your direct examination, you were asked — [defense counsel] asked you, I believe, you are a convicted felon.

APPELLANT: That's correct.

PROSECUTOR: Okay. And what felonies have you been convicted of?

APPELLANT: Uh — I don't know if I can — do you have a copy of 'em? You can —

PROSECUTOR: You can't remember 'em?

APPELLANT: I — I sold some Benzedrex inhaler stuff in '86 — over-the-counter medicine. Uh — I sold some of that. Uh — I went to prison for it. It's a noncontrolled substance. Uh —

PROSECUTOR: Other felonies —

APPELLANT: I've had a couple forgery charges in the '70s.

At this point, defense counsel objected because appellant had begun to testify about convictions outside the ten-year rule and in violation of the ruling on the motion in limine. The trial court did not rule on the objection and cross-examination continued:

PROSECUTOR: What about aggravated robbery?

APPELLANT: Yes, I — in 1980, I robbed a store and got seven years and went to prison for it.

PROSECUTOR: Um-hum. Does that pretty well cover — any other ones you can think of? Forgery. Aggravated robbery. Controlled substance. Anything else?

APPELLANT: No controlled substance. It was over-the-counter medication. I've made some mistakes.

■■ Although we have held that the denial of a pretrial motion in limine preserves an issue for appeal, and no further objection is required at trial, *see, e.g., Hale v. State*, 343 Ark. 62, 80, 31 S.W.3d 850, 861, *cert. denied*, 532 U.S. 1039 (2000), in the instant case, appellant's motion in limine was *granted*. We have held

that it is the movant's burden to obtain a ruling, and unresolved questions and objections are waived and may not be relied upon on appeal. *See State v. Montague*, 341 Ark. 144, 14 S.W.3d 867 (2000). We, therefore, must then hold that it was appellant's burden to obtain a ruling on his motion when it appeared that the trial court's previous ruling was being violated; and, because the trial court failed to rule on appellant's objection, appellant's argument is, therefore, procedurally barred.

■ Moreover, even if appellant's argument had, in fact, been preserved for appeal, appellant himself invited the error of discussing his prior convictions that preceded the ten-year rule by testifying vaguely that he had been in trouble with the law and then by responding to the prosecuting attorney's questions by referring to convictions that were older than ten years. Appellant was aware of the trial court's ruling limiting the admissibility of his previous convictions. He, therefore, should have limited his responses to those convictions that had been ruled admissible. We have held that, under the doctrine of invited error, one who is responsible for error cannot be heard to complain of that for which he was responsible. *McGhee v. State*, 330 Ark. 38, 41, 954 S.W.2d 206, 208 (1997). Under this doctrine, appellant cannot now claim error.

## II. Testimony Regarding Specific Instances of Violent Conduct of Victim

During the State's case-in-chief, Billy Lyles and Ricky Rogers testified that the victim, Jerry Markum, had a reputation for violence in the community. In appellant's case-in-chief, appellant proffered the testimony of Lisa Tate, Robert "Sammy" Roberts, Officer Todd Harris, and Officer Jim Robertson as a necessary part of his defense of self-defense. Each would have testified as to specific instances of violent conduct by Markum. The trial court prohibited the proffered evidence, although it allowed Roberts and Tate to testify that Markum had a reputation for violence in the community. In addition, appellant himself did testify about specific incidences of Markum's violent conduct, and further testified that he was "scared to death" of Markum.

■ On appeal, appellant maintains that the trial court erred in not allowing the proffered testimony regarding Markum's specific instances of violent conduct. We disagree. This Court has held that trial courts are afforded wide discretion in evidentiary

rulings. *See Hawkins v. State*, 348 Ark. 384, 72 S.W.3d 493 (2002). We will not reverse a trial court's ruling on the admission of evidence absent an abuse of discretion. *Guydon v. State*, 344 Ark. 251, 39 S.W.3d 767 (2001). This Court will, likewise, not reverse absent a showing of prejudice. *Gaines v. State*, 340 Ark. 99, 8 S.W.3d 547 (2000).

■ Arkansas Rule of Evidence 405(b) (2002) states: "In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct." However, this Court has held that the decedent's character as an aggressive person is not an essential element of a defendant's self-defense claim in a first-degree murder case because one might plead self-defense after having killed the most gentle soul who ever lived. *See McClellan v. State*, 264 Ark. 223, 227, 570 S.W.2d 278, 280 (1978).

■ Based on the above, we cannot say that the trial court abused its discretion by excluding testimony about specific instances of violent conduct by the victim. Appellant's defense was self-defense, and he was allowed to testify that he was afraid of the victim. Moreover, the incidents proffered to demonstrate violent conduct on the part of the victim would have amounted to cumulative testimony. As such, for these reasons and because the decedent's character is not an essential element of a self-defense for first-degree murder, we hold that the trial court did not abuse its discretion in this regard.

### III. Exclusion of Testimony of Robert Roberts Regarding a Specific Violent Act by Victim

Appellant proffered the testimony of Robert "Sammy" Roberts that the night before the incident he heard Jerry Markum, the victim, threaten to either break appellant's neck or beat him up. The trial court excluded the testimony because appellant was not aware of the threat. However, the court did allow Roberts to testify that Markum had a reputation for violence in the community and that Markum was a "bad ass." Appellant argues that the trial court erred in excluding the testimony about the alleged threat the night before the shooting. We disagree with appellant.

■ As discussed above, the victim's character is not an essential element of a defendant's self-defense claim in a first-degree murder case, such that the evidence of a specific violent act by the victim is admissible under Ark. R. Evid. 405(b). Further, if appellant was unaware of the threat, he cannot argue that said threat caused him to act in self-defense. For these reasons, we affirm the trial court on this point.

## IV. Timothy McDaniel's Testimony

At trial, during the State's case-in-chief, Timothy McDaniel testified that immediately after the shooting, everyone left Troy Ray's house and that he left the scene of the crime with appellant. He described their course and path during the drive away from the scene and testified that the appellant said, "Do you think he's dead, do you think he's dead?" The prosecutor then asked McDaniel what appellant expected the consequences to be after what he had done to Markum. Appellant's attorney objected on the basis of relevancy. The trial court overruled the objection, and McDaniel testified that appellant said, "I'll probably spend the rest of my life in prison." Appellant argues that the trial court erred in allowing the testimony because even if it is determined to be relevant, the probative value of the testimony is clearly outweighed by the prejudicial nature of its effect. We disagree with appellant. The evidence was clearly more probative than prejudicial.

■ All relevant evidence is admissible, except as otherwise provided by statute, the rules of evidence, or any other rules applicable in the courts of Arkansas. *See* Ark. R. Evid. 402 (2002). Rule 401 (2002) states: A " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." We have held that a trial court's ruling on the admission of evidence is discretionary and will not be reversed absent an abuse of that discretion. *See Cobb v. State*, 340 Ark. 240, 12 S.W.3d 195 (2000).

■ The evidence appellant complains of is relevant for several reasons. First, appellant alleged that he shot Markum in self-defense. However, he fled the scene of the crime. We have held that flight following the commission of an offense is a factor that may be considered with other evidence in determining probable guilt and may be considered as corroboration of evidence tending to establish guilt. *Howard v. State*, 348 Ark. 471, 79 S.W.3d

273 (2002). McDaniel's testimony was, therefore, probative to prove that appellant's behavior in fleeing the scene was inconsistent with his self-defense claim.

■ Next, appellant has failed to show how McDaniel's admitted testimony prejudiced the jury to the extent that there would have been a different verdict in the guilt phase had the testimony not been allowed. As discussed above, there was overwhelming evidence presented to establish appellant's guilt, notwithstanding McDaniel's testimony. For these reasons, we hold that the trial court did not err in allowing Timothy McDaniel's testimony.

### V. Transcript of Unsworn Statement

Jerry Markum's murder was investigated by Officer J.D. Stevens of the Paragould Police Department. During the course of the investigation, the State reported that Officer Stevens took recorded statements of several witnesses. Appellant claims that when he asked for copies of the original tapes, he was told that none were available.

At trial, during the course of examination of one of the State's witnesses, Billy Lyles, the State attempted to utilize the transcript of the unsworn testimony to lead Mr. Lyles. In response, appellant objected as follows:

> Your Honor, may we approach? I would object. Number one, he is leading his own witness. Two, it is hearsay, and three, there is not a proper foundation. This is not the proper manner to refresh recollection. It is an unsworn transcript of the tape we haven't seen.

Over appellant's objection, the trial court allowed the questioning. Further, with the same witness, the State was allowed, over appellant's objection, to have the witness testify that the shooting was "cold-blooded." Appellant insists that these evidentiary rulings were in error and were extremely prejudicial to him.

■ We have certainly held that prior consistent statements of a witness are, in general, inadmissible to corroborate or sustain testimony given in court. However, it is well settled that a prior statement by a witness testifying at a trial is not hearsay if it is consistent with his or her testimony and is offered to rebut an express or implied charge of recent fabrication or improper influence or motive. See Harris v. State, 339 Ark. 35, 2 S.W.3d 768

(1999); *see also* Ark. R. Evid. 801(d)(1)(ii) (2002). Here, we find no error.

 Appellant, on cross-examination, had questioned Lyles about his felony record in order to imply that Lyles had recently fabricated his denial that Anderson shot Markum in self-defense. To that extent, the State was certainly entitled, under Ark. R. Evid. 801(d)(1)(ii), to rebut the allegation with evidence that Lyles had made the same statement immediately after the offense and before the motive for fabrication came into existence. *See also Beavers v. State,* 345 Ark. 291, 46 S.W.3d 532 (2001).

*VI. Rule 4-3(h) Compliance*

The record has been reviewed for prejudicial error pursuant to Ark. Sup. Ct. R. 4-3(h), and no reversible errors were found.

Affirmed.