2012 Ark. 270

**David Alan ANDERSON, Petitioner**

v.

**STATE of Arkansas, Respondent.**

**No. CR 02–161.**

Supreme Court of Arkansas.

June 14, 2012.

David Alan Anderson, Pro Se appellant.

No response from appellee.

PER CURIAM.

The Arkansas Court of Appeals reversed and remanded petitioner David Alan Anderson's original conviction for first-degree murder. *Anderson v. State,* 71 Ark.App. 200, 33 S.W.3d 173 (2000). Following a new trial on the same charge, petitioner was again convicted, and he received a life sentence. This court affirmed. *Anderson v. State,* 354 Ark. 102, 118 S.W.3d 574 (2003).

Petitioner filed a petition in this court in which he asks that we reinvest jurisdiction in the trial court and permit him to file a

petition for writ of error coram nobis.[1] He also filed a motion [2]for "addition," seeking to amend the petition to add claims, and a motion to voluntarily dismiss the motion without prejudice. Later, he filed an amendment to the petition; a second amendment; a motion to compel; a third amendment; a second motion to compel; a motion to raise objections; and fourth, fifth, and sixth amendments. The motions to compel sought an order requiring the State to address certain issues concerning comments made by the trial court and a statement made by the prosecution at trial. In the motion to raise objections, petitioner disputes the accuracy of the State's description of certain facts. We grant the motion that seeks to amend the petition, deny the motions to dismiss and compel, and deny the petition with its amendments.

The State was aware of the motion for "addition" and addressed the additional issues in its response.[2] We therefore grant that motion. We deny the motion to dismiss, however. Petitioner made that request because our clerk had rejected for filing a tendered reply to the State's response to the petition. The motion to dismiss is based on petitioner's desire to revise and resubmit his petition to include that material. Because the tendered reply was already included in the file, we may consider the materials to the extent relevant to the issues at hand, in any case.

We deny the motions to compel as well. Petitioner requests in the first motion an order from this court that directs the State to respond to petitioner's allegations of "prejudice" in regard to comments made by the trial court on the record in discussions about a doctor who had provided a report on a claim by petitioner for disability benefits. Those comments were, as [3]indicated, on the record in petitioner's direct appeal, and, as discussed more fully below, we do not require further briefing by the State in order to reach a decision concerning petitioner's asserted claims for permission to proceed for a writ of error coram nobis. Despite the court's negative comments about the doctor, the record indicates that the court accepted the doctor's report in support of a motion for psychological evaluation, and the report is directly referenced as one of the sources of information for the forensic report that was eventually provided to the court from the Arkansas Department of Human Services ("DHS").

In the second motion to compel, petitioner seeks to require the State to address comments made by the prosecution that used the term "cold blooded." We do not require further briefing concerning petitioner's allegations that those comments were prejudicial to him. As with the first motion to compel, petitioner references the comments as contained in the record, and additional briefing is not necessary to resolve the issues.

We also deny the motion to raise objections. As is made clear in the discussion below, no response is necessary to the State's statements, as those statements were not taken into consideration in the decision made.

Petitioner correctly seeks leave from this court to proceed in the trial court. A prisoner who appealed his judgment and who wishes to attack his conviction by means of a petition for writ of

---

1. For clerical purposes, the petition was assigned the same docket number as the direct appeal.

2. The State has also responded to the first, second, and third amendments to the petition.

error coram nobis must first request that this court reinvest jurisdiction in the trial court. *Martin v. State*, 2012 Ark. 44, 2012 WL 310981 (per curiam) (citing *Kelly v. State*, 2010 Ark. 180, 2010 WL 1507210 (per curiam)). A petition in this court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after this court grants permission. *Cox v. State*, 2011 Ark. 96, 2011 WL 737307 (per curiam).

It is a petitioner's burden to show that the writ is warranted. *Scott v. State*, 2009 Ark. 437, 2009 WL 3047239 (per curiam). This court will grant permission for a petitioner to proceed with a petition for writ of error coram nobis only when it appears that the proposed attack on the judgment is meritorious. *Hogue v. State*, 2011 Ark. 496, 2011 WL 5589257. This burden is a heavy one, for a writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Williams v. State*, 2011 Ark. 541, 2011 WL 6275431 (per curiam); *Whitham v. State*, 2011 Ark. 28, 2011 WL 291873 (per curiam); *Grant v. State*, 2010 Ark. 286, 365 S.W.3d 894 (per curiam).

Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Biggs v. State*, 2011 Ark. 304, 2011 WL 3212265 (per curiam). The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Coley v. State*, 2011 Ark. 540, 2011 WL 6275696 (per curiam).

The remedy is exceedingly narrow and appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown and would have prevented the rendition of the judgment had it been known to the trial court.

*Hogue*, 2011 Ark. 496, 2011 WL 5589257; *McCoy v. State*, 2011 Ark. 13, 2011 WL 291969 (per curiam). To warrant a writ of error coram nobis, a petitioner has the burden of bringing forth some fact, extrinsic to the record, that was not known at the time of trial. *Martin*, 2012 Ark. 44, 2012 WL 310981. Petitioner has failed to bring forth, in his petition or the amendments to the petition, any facts that support a claim on issues that were not or could not have been addressed at the time of trial. The central fact to the majority of his claims, a diagnosis of mental illnesses that included dementia, was referenced on the record and was not extrinsic to the record before the trial court.

This court has previously recognized that a writ of error coram nobis was available to address errors found in four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Webb v. State*, 2009 Ark. 550, 2009 WL 3681656 (per curiam). Petitioner's claims include an assortment of asserted trial errors, including some that pertain to the accuracy of petitioner's mental evaluation for trial, the suitability of the procedures used in conducting that evaluation, and the withdrawal of medications before the evaluation. Petitioner claims that he was insane at the time of trial and that the trial court did not allow petitioner to raise his mental condition as an affirmative defense. Petitioner also claims that two of the witnesses against him has recanted his testimony. Petitioner's claim of insanity falls within one of the recognized categories. His other claims do not and are not appropriate for relief.

An issue that was known at the time of trial and could have been addressed is not one cognizable in an error-

coram-nobis proceeding. *See Cooper v. State*, 2010 Ark. 471, 2010 WL 4922391 (per curiam); *Scott v. State*, 2010 Ark. 363, 2010 WL 3796227 (per curiam). Although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief. *Pinder v. State*, 2011 Ark. 401, 2011 WL 4492362 (per curiam). In the absence of a valid excuse for delay, the petition will be denied. *Flanagan v. State*, 2010 Ark. 140, 2010 WL 987049 (per curiam) (citing *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61). Due diligence requires that (1) the defendant be unaware of the fact at the time of the trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) the defendant, after discovering the fact, did not delay bringing the petition. *Id.* The requirements are a sequence of events, each of which a petitioner must show to prove due diligence. *Id.* This court may determine diligence issues in appropriate cases—such as those where the petitioner asserts he or she had a mental illness but the medical records were available at trial—as a matter of law. *See Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

While petitioner contends that he was insane at the time of his trial, the only bases that he provides for the claim are allegations of error by the trial court in assessing his fitness to proceed or mistakes by those providing the professional evaluations in his case; that is, petitioner asserts that the evaluation by DHS was not accurate and that there was error in the court's failure to recuse, abuse of discretion in regard to rulings that concerned the procedures for petitioner's evaluation, and bias. The facts that petitioner points to in support of his claim that he was not competent for trial are a report and other materials that, as already discussed, counsel presented to the trial court and were referenced in the forensic report. The DHS report included an opinion of a staff psychologist concerning petitioner's mental condition related to his fitness to proceed and capacity at the time of the charged crime, and the diagnosis in that report differed in some, but not all, respects from the report prepared on petitioner's disability-benefits claim. Petitioner did not challenge in the trial proceedings the basis for that opinion through an independent assessment of his mental condition—although there was a reference made by counsel to the court of the potential need for such an assessment concerning a motion for continuance—nor did he contest on appeal the rulings that the trial court made concerning the procedures leading up to the evaluation. Counsel was clearly aware of the issues that petitioner would raise.

Such facts as petitioner alleged are not sufficient to show diligence or that the writ is warranted. *See Echols v. State*, 354 Ark. 414, 125 S.W.3d 153 (2003); *see also Newman*, 2009 Ark. 539, 354 S.W.3d 61. The facts underpinning petitioner's claim of insanity were not hidden or unknown. Counsel was aware of the facts forming the basis for petitioner's claim of insanity and brought those facts to the court's attention. As a result, petitioner's claims are allegations of error for which he had other remedies, and petitioner failed to diligently pursue any relief that was due; those allegations are not sufficient for error-coram-nobis relief. *See Martin*, 2012 Ark. 44, 2012 WL 310981.

In association with this claim of insanity, petitioner alleges that the trial court denied him the opportunity to present a mental-defect defense at trial or that counsel chose not to pursue such a defense. He also contends that there were errors in the conduct of his mental evalua-

tion and his treatment leading up to that evaluation. There was discussion of the issues concerning the length and type of evaluation that petitioner would be provided prior to the court's ruling on defense motions. Petitioner's complaints regarding these issues are clearly trial error, because those issues concern the court's or doctors' failure to properly consider facts that were not hidden, or ineffective assistance of counsel. The alleged errors do not demonstrate some hidden fact about petitioner's sanity. There is no ground stated for issuance of a writ of error coram nobis where the petitioner's grounds for the writ were known at the time of trial, or could have been known at the time of trial; the petitioner failed to exercise due diligence in raising the issues; and the petitioner cites no fact that would have prevented the rendition of the judgment that could not have been brought forward at the time of trial. *See Flanagan*, 2010 Ark. 140, 2010 WL 987049. These related claims are based upon the previously discussed facts or others that were known at the time of petitioner's trial and not somehow hidden.[3]

Petitioner also asserts claims concerning ineffective assistance of counsel for failing to further pursue petitioner's mental-defect claims, credit for time served[4] and double-jeopardy issues. As with his other claims, petitioner provides no facts that would not have been available at the time of trial or shortly after his conviction to support the claims, and there were other remedies available to him. Extraordinary relief is not a substitute for an appeal. *Fudge v. State*, 2010 Ark. 426, 2010 WL 4354240 (per curiam). Nor is a petition for writ of error coram nobis a substitute for proceeding under Arkansas Rule of Criminal Procedure 37.1 (2005). *Estrada v. State*, 2011 Ark. 479, 2011 WL 5437538 (per curiam). Moreover, even if no other remedy were available and the claims were cognizable for the writ, appellant failed to demonstrate due diligence for a delay of more than ten years in raising these claims.

Finally, petitioner alleges that two of the witnesses against him have recanted their testimony. A claim of recanted testimony, standing alone, is not cognizable in an error-coram-nobis proceeding. *Jackson v. State*, 2010 Ark. 81, 2010 WL 1006491 (per curiam). As was the case in *Jackson*, the recanted testimony that petitioner points to here does not present facts that would raise an issue not known at trial.

Petitioner admitted at trial that he shot and killed the victim. He testified that he was afraid of the victim and claimed self-defense. In the affidavit from witness Billy Lyles that appellant submits with his third amendment, Lyles states that, after reflection, he believes that petitioner was scared and afraid and may have acted in what he believed was self-defense. Lyles

---

3. The State correctly asserts that the facts pertaining to petitioner's ability to present a mental-defect defense were not hidden. In conjunction with this claim, however, the State also incorrectly asserts that this court has held that a claim of mental defect at the time of the offense cannot be a claim cognizable in a coram-nobis proceeding. We note that the case cited in support of that proposition—although it distinguished cases asserting allegations of insanity at the time of trial that fall within one of the recognized catego-

ries—merely held that, as here, the petitioner had not demonstrated that there were any hidden facts to support such a potential defense, and it did not reach the greater issue or more broadly hold, as the State contends, that the entire category of claim is never cognizable. *Martin*, 2012 Ark. 44, at 4, 2012 WL 310981.

4. Petitioner does not explain how credit for time served is relevant to a life sentence.

also stated that his testimony was harsh because of his relationship with the victim, and that his judgment was impaired by drugs and alcohol. All of these issues were known and addressed at trial. The defense used cross-examination to highlight Lyles's relationship with the victim, and Lyles admitted that he was an addict, even though he testified that he had not used drugs before the murder occurred. One witness, who had been incarcerated with Lyles, testified that Lyles had told the witness that he testified against petitioner because the victim was his friend.

The issues that may be raised by this change in Lyles's testimony could have been, and were, addressed at trial. None was hidden or unknown. As in *Jackson*, petitioner's claim related to the recanted testimony is not one cognizable in an error-coram-nobis proceeding.

The other claim of recanted testimony petitioner attempts to frame as prosecutorial misconduct. With his sixth amendment, petitioner provides an affidavit from Ricky Rogers, who avers that he was incarcerated and that the prosecution put pressure on him to change parts of his testimony. Mr. Rogers does not, however, identify any actions by the prosecution that might constitute coercion or prosecutorial misconduct. Moreover, the fact that he was incarcerated, close to parole, and had changed his testimony were brought out through Mr. Rogers's testimony and on cross-examination. None of the claims raised in the petition or amendments has merit.[5]

---

**5.** Petitioner adds a request for "other relief" in his fifth amendment that asserts this court should have found error on direct appeal in the trial court's negative comments about the doctor who provided the report in conjunction with the motion for psychological evaluation. Petitioner does not identify what other

Motion for addition granted; motion to dismiss, compel, and raise objections denied; petition with amendments denied.

relief might still be available to him in that regard. In addition, as previously mentioned, the report was admitted and used and the motion for psychological evaluation granted. There was no adverse ruling for this court to review on direct appeal.