

# SUPREME COURT OF ARKANSAS

**No.** CR-02-161

|  |  |
|---|---|
| DAVID ANDERSON<br><br>                       **PETITIONER**<br><br>V.<br><br>STATE OF ARKANSAS<br><br>                       **RESPONDENT** | **Opinion Delivered** September 24, 2015<br><br>SECOND PRO SE PETITION AND AMENDED PETITIONS TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS<br>[GREENE COUNTY CIRCUIT COURT, NO. 28CR-98-210]<br><br><br>PETITION AND AMENDED PETITIONS DENIED. |

**PER CURIAM**

In 2001, David Anderson was found guilty of murder in the first degree and sentenced to life imprisonment. We affirmed. *Anderson v. State*, 354 Ark. 102, 118 S.W.3d 574 (2003). The judgment had been entered on retrial after the Arkansas Court of Appeals reversed the original judgment in the case in 2000. *Anderson v. State*, 71 Ark. App. 200, 33 S.W.3d 173 (2000). Under the original judgment, Anderson had been sentenced to 480 months' imprisonment for the first-degree murder conviction.

Anderson then filed in the trial court a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2001). The petition was denied, and we affirmed the order. *Anderson v. State*, CR-04-621 (Ark. Jan. 26, 2006) (unpublished per curiam).

In 2012, Anderson petitioned this court to reinvest jurisdiction in the trial court so that he could proceed with a petition for writ of error coram nobis. He also filed a motion for "addition," seeking to amend the petition to add claims and a motion to voluntarily dismiss the

motion without prejudice. Later, Anderson filed an amendment to the petition; a second amendment; a motion to compel; a third amendment; a second motion to compel; a motion to raise objections; and fourth, fifth, and sixth amendments. The motions to compel sought an order requiring the State to address certain issues concerning comments made by the trial court and a statement made by the prosecutor at trial. In the motion to raise objections, Anderson disputed the accuracy of the State's description of certain facts. We granted the motion that sought to amend the petition, denied the motions to dismiss and compel, and denied the petition with its amendments. *Anderson v. State*, 2012 Ark. 270, 423 S.W.3d 20 (per curiam).

Now before us is Anderson's second petition, filed July 15, 2015, to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. Anderson has also filed three amendments to the petition in which he reiterates the grounds raised in the petition.[1]

The petition for leave to proceed is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before

---

[1]Anderson also asks in the second amended petition that this court investigate his claim that the administration of the Arkansas Department of Correction is blocking his access to the federal court. We decline to do so; this court has no authority to investigate the conduct of the department as part of this coram-nobis proceeding as requested by Anderson.

rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

As grounds for reinvesting jurisdiction in the trial court, Anderson alleges in both his petition and in the amended petitions that he has been subjected to double jeopardy on the ground that he served three years' imprisonment on his original conviction before he began serving his life sentence on the subsequent judgment. He contends that the three years constituted a multiple punishment because the three years cannot be applied to the twenty years he must serve before becoming eligible to apply for executive clemency. He argues that he should have received credit against his life sentence for the time spent in custody before his first trial, the three years he served on the original sentence before the judgment was reversed by the court of appeals, and the time he was incarcerated awaiting his second trial.

Anderson has not stated a ground for a writ of error coram nobis. When Anderson contended in his first coram-nobis petition that he was entitled to credit for time served and that he was subjected to double jeopardy, we noted that he provided no facts that would not have

been available at the time of trial or shortly after his conviction to support the claims, and there were other remedies available to him. *Anderson*, 2012 Ark. 270, at 8, 423 S.W.3d at 27. This court has specifically held that a request for credit against a sentence for time spent in custody is a request for modification of a sentence imposed in an illegal manner, which is a request that must be timely filed in the trial court. *See Perez v. State*, 2015 Ark. 120, at 2 (per curiam).

A mere double-jeopardy claim is not a ground for the writ. *Lukach v. State*, 2014 Ark. 451, at 4. Such a claim does not fit within the categories for the writ. *See Hooper v. State*, 2014 Ark. 16, at 5 (per curiam). Anderson's contention that his right to apply for clemency has been affected by the failure of the trial court to award him sufficient credit for time served does not constitute an assertion within the scope of a coram-nobis proceeding.

Petition and amended petitions denied.