Cite as 2023 Ark. App. 450

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-22-516

|  |  |
|---|---|
| | **Opinion Delivered** October 18, 2023 |
| JOSEPH CHAPMAN<br>APPELLANT | APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. 57CR-20-58] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE CHARLES A. YEARGAN, JUDGE |
| | AFFIRMED |

## BRANDON J. HARRISON, Chief Judge

Joseph Chapman appeals his convictions on two counts of rape. Chapman contends that the evidence supporting the convictions was insufficient and that the circuit court erred in admitting certain evidence. We affirm Chapman's convictions.

In June 2020, the State charged Chapman with two counts of rape. At a jury trial convened in September 2021, the State presented evidence that Chapman had adopted his wife's daughter, MC, and that when MC was approximately twelve years old, Chapman began sexually abusing her. The abuse progressed to sexual intercourse and continued until MC was seventeen years old. The jury found Chapman guilty of both counts of rape and recommended a sentence of forty years' imprisonment on each count. The court imposed the recommended sentences to run consecutively. Chapman did not file a timely notice of appeal from the sentencing order, but on 14 September 2022, this court granted his motion for belated appeal.

For his first point, Chapman challenges the sufficiency of the evidence supporting his convictions. While acknowledging that MC testified to the rape and that the uncorroborated testimony of a rape victim is sufficient evidence for a conviction, he nevertheless asserts that because there was no forensic or physical evidence to support MC's allegations, the evidence was insufficient. Chapman also questions MC's credibility, though he took the stand at trial and made statements alleging that twelve-year-old MC had been the aggressor and that she had "forced" or "intimidated" him into having sex with her.

We will not decide Chapman's point because it's not preserved for our review. Arkansas Rule of Criminal Procedure 33.1(a) (2023) requires a criminal defendant in a jury trial to move for a directed verdict at the close of the prosecution's case and at the close of all the evidence. The Rule is strictly construed, and a defendant's failure to adhere to the requirements of Rule 33.1(a) will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict. Ark. R. Crim. P. 33.1(c). Here, defense counsel expressly declined to move for a directed verdict (for good reason), stating:

> Your Honor, normally the Defense attorney in a trial such as this or any other type of trial would make a motion for directed verdict of acquittal. I have heard the testimony that has been presented by the State and I cannot find any evidentiary basis for making the motion for directed verdict.

Consequently, Chapman's challenge to the sufficiency of the evidence against him is barred. *See, e.g.*, *Jackson v. State*, 2018 Ark. 209, 549 S.W.3d 346.

In his second, third, and fourth points on appeal, Chapman challenges the admission of statements he made to a police officer, to MC, and to a coworker. He also asserts that certain physical evidence, namely MC's underwear containing DNA evidence of Chapman's semen, should not have been admitted. Defense counsel raised no objection to

2

the admission of this evidence at trial. Because these points are also raised for the first time on appeal, we won't reach them either. *Id.*

Chapman argues in his reply brief that the failure to raise a particular argument does not preclude its consideration on appeal. He cites *Keesee v. State*, 2022 Ark. 68, 641 S.W.3d 628, to support this proposition. In *Keesee*, the supreme court held that the State's failure to raise a specific hearsay exception in response to a hearsay objection did not preclude the supreme court from affirming the admission of a statement based on that exception in a capital-murder trial. The supreme court held that in admitting the statement, the circuit court "thoughtfully considered whether [the] statement should have been excluded as hearsay and concluded it should not." *Id.* at 13, 641 S.W.3d at 638. The appellate court simply decides whether the circuit court abused its discretion in admitting the evidence, and "[t]his standard does not require the circuit court to rule on each hearsay exception." *Id.* at 13, 641 S.W.3d at 638. The supreme court held that its decision is consistent with judicial reasoning and likened it to other cases that have affirmed evidentiary rulings when the circuit court reached the right result, even if its reason was incorrect. *E.g.*, *Harris v. State*, 339 Ark. 35, 2 S.W.3d 768 (1999) (affirming admission of prior statement under Ark. R. Evid. 801(d)(1)(ii) after circuit court incorrectly admitted it under Rule 612); *Chisum v. State*, 273 Ark. 1, 616 S.W.2d 728 (1981) (affirming introduction of statements as impeachment evidence under Rule 613 after circuit court incorrectly ruled they were admissible under the recorded-recollections exception in Rule 803(5)).

We disagree that *Keesee* supports the proposition that objections and arguments not raised by a defendant during a jury trial may be considered as a basis for reversal on appeal.

3

There is a distinct difference between an appellant raising an argument for the first time on appeal to obtain a reversal and an appellee seeking an affirmance on a basis neither argued below nor relied on by the circuit court.[1]  Again, an appellant is bound by the scope and nature of the arguments made at trial and may not change or enlarge those grounds on appeal.  *Collins v. State*, 2019 Ark. 110, 571 S.W.3d 469.  This proposition has been so often repeated and applied over the decades that it warrants no further discussion.  The judgment and sentencing order entered by the circuit court is wholly affirmed.

Affirmed.

KLAPPENBACH and BROWN, JJ., agree.

*Hancock Law Firm*, by: *Sharon Kiel*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.

---

[1]Our courts have affirmed judgments on different bases than those used by circuit courts regardless of whether appellees have raised the issues at trial, *Stokes v. State*, 375 Ark. 394, 291 S.W.3d 155 (2009); *Ramage v. State*, 61 Ark. App. 174, 966 S.W.2d 267 (1998); and regardless of whether appellees have raised the issues on appeal, *Malone v. Malone*, 338 Ark. 20, 991 S.W.2d 546 (1999); *Duckett v. State*, 268 Ark. 687, 600 S.W.2d 18 (Ark. App. 1980).